840 A.2d 299

**James T. MARTIN, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Argued May 14, 2003.

Decided Dec. 30, 2003.

David R. Crowley, Bellefonte, for James T. Martin.

Peter Rosalsky, Philadelphia, for Defender Association of Philadelphia.

Tara Leigh Patterson, Robert Campolongo, Harrisburg, for Pennsylvania Board of Probation and Parole.

Before CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, LAMB, JJ.

## OPINION

Justice NEWMAN.

James T. Martin (Appellant) appeals from an Order of the Commonwealth Court affirming an Order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from the recalculation of his maximum term expiration date based upon his recommitment as a technical and convicted parole violator. Appellant contends that he was not accorded credit to his original sentence for one year, one month, and nineteen days of pre-trial confinement.

## FACTS AND PROCEDURAL HISTORY

On January 30, 1985, Appellant was sentenced to a two-and-one-half to ten-year term of imprisonment, with an effective date of June 20, 1984, based upon his guilty plea to a charge of robbery, 18 Pa.C.S. § 3701. Appellant's maximum term of incarceration was calculated to expire on June 20, 1994. He was released on parole in 1987, and continued on parole despite being charged with driving under the influence (DUI), 75 Pa.C.S. § 3731(a)(1), and reckless driving, 75 Pa.C.S. § 3736(a), in 1990, with a subsequent conviction for disorderly conduct, 18 Pa.C.S. § 5503(a), in 1993. The Board declared him delinquent in June of 1994, and revoked his parole as a convicted parole violator on August 22, 1996, based upon his conviction for a violation of the Uniform Firearms Act.[1] His new expiration date for parole was recalculated as June 17, 2002. On March 8, 1999, Appellant was reparoled.

On May 30, 2000, Appellant was arrested and charged with, *inter alia,* two counts of DUI and the Board lodged a detainer on the same day. He was unable to post bail and, on July 19, 2001, Appellant was convicted of the charges and sentenced to forty-eight hours time served, with a one-year period of probation, to be served consecutively to the robbery sentence that he was already serving.

1. 18 Pa.C.S. §§ 6101–6162.

A panel revocation hearing was held on September 11, 2001, and, by Order dated November 6, 2001, Appellant was recommitted as a convicted parole violator to serve six months backtime. His parole violation maximum date was then recalculated as October 28, 2004. On December 4, 2001, Appellant filed a timely petition for administrative relief in which he claimed that the Board erred in calculating his parole violation maximum date by failing to give him credit for all of the time that he had served pursuant to the Board warrant. In particular, Appellant averred that, because the new sentence imposed was forty-eight hours time served, with a consecutive one-year probationary period, his original sentence should have been credited for the remaining time spent in custody from June 1, 2000 to July 19, 2001. That is, Appellant requested allocation of all excess custody time that could not be credited toward the sentence he received for his most recent DUI conviction (48 hours) and during which period the Board also detained him.

In a letter mailed January 2, 2002, the Board refused to credit Appellant's original sentence with the one year, one month, and nineteen days of Appellant's pre-trial confinement in excess of the sentence imposed.[2] Appellant then filed a Petition for Review with the Commonwealth Court.

A majority of the Commonwealth Court affirmed in an unpublished Opinion based on a line of precedent established by that court in *Rodriques v. Pennsylvania Bd. of Probation and Parole*, 44 Pa.Cmwlth. 68, 403 A.2d 184 (1979), and culminating in *Smarr v. Pennsylvania Bd. of Probation and Parole*, 748 A.2d 799 (Pa.Cmwlth.2000). The court primarily relied upon its decision in *Berry v. Pennsylvania Bd. of Probation and Parole*, 756 A.2d 135 (Pa.Cmwlth.2000). Judge

**2.** The Board rejected Appellant's request for relief stating, "[Appellant] is not entitled to credit on his original 10-year sentence for the 1 year, 1 month and 19 days he was confined because of new criminal charges on which he did not post bail from May 30, 2000, to July 19, 2001, when he was sentenced to serve [a] 48-hour term of total confinement, regardless of the fact that the Court sentenced him to a shorter sentence of confinement than the period of time he had already been confined because of his new criminal charges on the date of sentencing." (Board Letter dated January 2, 2002, Original Record, Tab 15).

Smith–Ribner dissented, explaining that she felt that *Smarr* was wrongly decided and that Appellant should receive credit for the excess time spent in custody on his original sentence. We granted allowance of appeal to examine the application of our decision in *Gaito v. Pennsylvania Bd. of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), to a case in which the length of pre-trial confinement exceeds the sentence imposed for the new crimes.

## DISCUSSION

When a Constitution was first adopted in this Commonwealth, parole as a penological expedient, was unknown to American jurists and "commutation" was employed as the means of reducing the length of a sentence. The commutation system resulted in the discharge of a prisoner without further supervision by state authorities.[3] In *Banks*, this Court described the genesis of the parole system as follows:

> The system of parole was introduced in America in the Elmira Reformatory, which was created in 1869 but not opened until 1876. It was first adopted in an American prison in 1884 in Ohio. It did not come into general use in the American prison system until the decade of the nineties. It made its initial entrance into Pennsylvania when the Huntingdon Reformatory was organized in 1887, and it was not adopted in our state penitentiaries until 1909 or in our county jails until 1911.

*Banks*, 28 A.2d at 899–900 n. 2. The objective of the parole system was to enable prisoners to "re-enter society through a gradual amelioration of their restraint and a substitution of controlled freedom for continued incarceration" under certain, proscribed conditions. *Id.* at 901. As we noted in *Young v. Pennsylvania Bd. of Probation and Parole*, 487 Pa. 428, 409

---

3. Pursuant to the "commutation" system, an inmate received credit against his sentence for each year of good behavior. When the length of actual time served and credits for good behavior equaled the original sentence imposed, the inmate was discharged from confinement. *See Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1942). However, any misconduct by the inmate prior to the completion of the sentence caused the "good time credits" to be rescinded.

A.2d 843 (1979), the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), made the following observations pertinent to our inquiry as to the purposes of parole:

> During the past 60 years, the practice of releasing prisoners on parole before the end of their sentences had become an integral part of the penological system. Rather than being an ad hoc exercise of clemency, parole is an established variation on imprisonment of convicted criminals. Its purpose is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full terms of the sentence imposed. It also serves to alleviate the cost to society of keeping an individual in prison. The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.

*Young*, 409 A.2d at 847 (footnote and internal citation omitted). "The effectiveness of parole as a penological device to assist in the reintegration of the offender into society as a useful member is dependent on the state's power to impose reasonable conditions" of parole and its concomitant responsibility to treat parole violators equitably. *Id.* The state must also consider the protection of the society into which it reintegrates an offender. *See, e.g., Commonwealth v. Brown*, 240 Pa.Super. 190, 361 A.2d 846 (1976).

The question of whether and when credit for time served may be awarded by the Board against a prior sentence on the basis of pretrial detention related to a subsequent offense has developed primarily because of rules articulated in the decisional law. Although the General Assembly enacted statutory provisions relating to credit for time served, it has not addressed the permutations that arise when applying credit for time served in the parole revocation context. Thus, our inquiry begins with an examination of the penological framework, the appropriate statutes, and the existing case law that form the basis for Appellant's claim.

 Generally, upon conviction of a crime carrying a sentence of two years or more ("state time" as opposed to "county time"), an individual comes under the jurisdiction of the Department of Corrections, which maintains jurisdiction over the inmate while he is in prison. Pursuant to Pennsylvania law, the maximum term represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled. *Commonwealth v. Daniel*, 430 Pa. 642, 243 A.2d 400 (1968). When the minimum prison term expires, an inmate becomes eligible for parole and makes application to the Board, requesting a grant of parole. If parole is granted, or a term of probation[4] has been imposed, the individual is removed from the jurisdiction of the Department of Corrections and placed under the jurisdiction of the Board. If the individual violates parole or probation, the Board conducts hearings and may revoke probation and parole based upon any violations that transpired.

 The distinction between sentences imposed by the judiciary upon convicted criminal defendants and backtime compelled by the Board upon parole violators is significant. A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a *new* criminal prosecution and which imposes the term of punishment to be served. *Rivenbark v. Pennsylvania Bd. of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). By way of comparison, backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding[,] after a *civil* administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve the new sentence. *Krantz v. Pennsylvania Bd. of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044, 1047 (1984); *see also McCaskill v. Pennsylvania Bd. of Probation and Parole*, 158 Pa.Cmwlth. 450, 631 A.2d 1092 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 739 (1994). Therefore, service of backtime relates to the original sentence from which

---

4. Probation forms no part of the issue before us and conditions of probation and its violation will not be separately addressed.

an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges.

An offender on state parole is in the legal custody of the Board until that offender completes the service of his maximum sentence or until the Board recommits the offender as a parole violator. 37 Pa.Code § 63.2. *See also, Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 169 A.2d 884 (1961) (where this Court noted that offenders released from confinement on parole remain in the legal custody of the Commonwealth and remain under the control of the Commonwealth until the expiration of the maximum sentence). If the offender is recommitted, he or she is returned to the jurisdiction of the Department of Corrections, regardless of whether the recommitment is for a new sentence or to serve a period of backtime. Pursuant to Section 331.21a(a.1), 61 P.S. § 331.21a(a.1), if an offender is subsequently arrested while on parole, an automatic Board detainer is applied, which subjects the offender to possible consequences for violations of parole that will be decided by the Board in a subsequent proceeding. Further, where a parolee is arrested while on parole, the Board is permitted, at its discretion, to place a detainer against the parolee that will "prevent the parolee from making bail, pending the disposition of the new charges or other action of the court." 37 Pa.Code § 65.5(2). The detainer under these circumstances is an outstanding parole-violation charge and essentially constitutes an untried indictment, information, or complaint that is to be resolved at a probation revocation hearing. Therefore, when an offender is held on new criminal charges as well as a detainer lodged by the Board, we believe that the offender is confined for both offenses.

When a parolee commits crimes while on parole, the General Assembly has declined to set the criteria by which credit is applied for time served. Application of the statutory criteria to sentencing for new criminal charges has frequently been utilized pursuant to 42 Pa.C.S. § 9760 in the absence of legislative direction. Section 9760 states:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760. As is apparent, this statutory section does not specifically contemplate credit for time served following a parole violation and revocation, and provides no real assistance in determining the issue presently before us.

It is well established that there is no constitutional right to pre-sentence confinement credit and that credit statutes stem principally from the recognition that pre-sentence detention is often the result of indigency. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). *See generally* 21A Am.Jur.2d Criminal Law § 833 (2003) (stating that "[t]raditionally, it has been held that in the absence of a pertinent statute to the contrary, a defendant does not have a fundamental right to credit for time spent in custody prior to trial or sentence."). Underpinning credit statutes is the principle that an indigent offender, unable to furnish bail, should serve no more and no less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail. In *Gaito v. Pennsylvania Bd. of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980), we essentially construed our credit statute to mandate that an offender is to receive credit for all incarceration served before sentencing for which he is being detained in custody. *Id.* at 571 n. 6.

In *Gaito,* this Court, in reviewing whether a parolee was entitled to credit against his original sentence for time spent on parole, also examined the discretion of the Board to award credit for time served on the new criminal charges. The Board in *Gaito* determined that, time spent by the defendant in custody prior to sentencing on the latest conviction, should be credited against the defendant's original sentences. This Court disagreed and held that, when a parolee is incarcerated on new criminal charges and does not post bail or has his bail revoked, time spent in jail is not credited to the parolee's original sentence on recommitment as a convicted parole violator because the parolee was not incarcerated solely on the Board's warrant. Thus, we determined that the period of pretrial confinement is credited to the sentence received upon conviction of new criminal charges. *Id.* at 571. We also indicated in a footnote that, if a parolee is acquitted, or if no new sentence is imposed for a conviction on the new charges, pre-trial custody time is to be applied to the parolee's original sentence. *Id.* at 571, n. 6.

The *Gaito* Court explicitly rejected the proposition that presentence credit is available exclusively for the new offense for which the defendant is ultimately sentenced. We effectively held that, in order to garner credit for time served against an original sentence, custody need not be attributable exclusively to the new offense. The *Gaito* Court, in a footnote, attempted to impart the principle that credit should be applied equitably when there is no sentence of incarceration imposed. Unfortunately, the footnote principle was strictly, rather than equitably, applied to result in full credit for time served only when an offender was acquitted or the charges against him are *nolle prossed. See, e.g., Davidson v. Pennsylvania Bd. of Probation and Parole,* 667 A.2d 1206 (Pa.Cmwlth.1995). In cases where a fine or probation was imposed, the Board and the Commonwealth Court determined that, because a "sentence" was imposed, the convicted parolee was not entitled to credit for time served awaiting disposition of those pending charges. *See, e.g., McCoy v. Pennsylvania Bd. of Probation and Parole,* 793 A.2d 1004 (Pa.Cmwlth.2002) (fine); *Gallagher v. Pennsylvania Bd. of Probation and Parole,* 804 A.2d 729 (Pa.Cmwlth.2002) (probation); *Smarr v. Pennsylvania Bd. of Probation and Parole,* 748 A.2d 799 (Pa.Cmwlth.2000).

The Sentencing Code indicates that, in determining the length of the sentence, the court may consider the following sentencing alternatives: (1) an order of probation; (2) a determination of guilt without further penalty; (3) partial confinement; (4) total confinement; (5) a fine; or (6) intermediate punishment. 42 Pa.C.S. § 9721. The Board and the Commonwealth Court understandably considered these options immune from the application of our footnote in *Gaito.*

Our intent in articulating the footnote in *Gaito,* was that, "if a parolee is not convicted, or if no new [period of incarceration] is imposed for that conviction on the new charge, the pretrial custody time must be applied to the parolee's original sentence." Our use of the word "sentence" instead of "period of incarceration," inadvertently directed the Board and the Commonwealth Court to the statutory definition of "sentence,"

which includes sentencing alternatives other than incarceration.

In *Mitchell v. Pennsylvania Bd. of Probation and Parole,* 31 Pa.Cmwlth. 243, 375 A.2d 902 (1977), the Commonwealth Court held that the Board lacked the discretion to apply confinement credit to either backtime or the new sentence. Moreover, it determined that, once the Board decides to lodge its detainer, an offender is no longer incarcerated solely on the new criminal charges and that all confinement credit must be applied to backtime. Judge Doyle (now President Judge Emeritus) wrote:

> However, once the Board, as an agency with statewide jurisdiction, lodges its detainer or causes a parolee to be arrested on its warrant, a parolee is in the custody of the Board and is no longer incarcerated "for the offense or offenses for which such sentence is imposed" as those words are used in Pa.R.Crim.P. 1406(b). The Board, not being compelled to lodge a detainer against a prisoner who will remain incarcerated in any event, must abide by the consequences of its election to do so.

*Id.* at 905 (internal citation omitted). This is analogous to the procedure followed by many of our sister States.

We have searched in vain for a comparable resolution of this issue in other jurisdictions.[5] This failure results from the fact that many of our sister States have fashioned a fair and equitable alternative method for the application of pre-sentence confinement. In those states, when a parolee is arrested for the commission of new crimes and the state parole board lodges a detainer against that parolee, the period of pre-

5. We note, however, that the Lehigh County Court of Common Pleas in *Commonwealth ex rel. Osborne v. Dressell,* 12 Pa. D. & C.2d 421 (C.C.P.1958), foreshadowed the issue now before us. There the court stated:

> When a case arises that may work an injustice in not crediting to an old offense time awaiting trial on a new offense, we shall be prepared to rule upon it. We have not held that the Parole Board may not apply time in prison awaiting trial to an old offense; we have simply held that where there is a sentence of imprisonment on a new offense to which it can apply, the law states that it shall be so applied. *Id.* at 429.

sentence confinement is credited automatically to the original sentence. No credit for time served is applied to any sentence imposed for a conviction on the new criminal charges as the offender has already received credit for the time spent in confinement awaiting trial. Therefore, if no new confinement is imposed, as in a sentence of "guilt without further penalty," a fine, or probation, the offender has already been credited for the present period of confinement. *See, e.g., Jenkins v. State,* 49 P.3d 1028 (Wyo.2002); *Ali v. Dist. of Columbia,* 612 A.2d 228 (D.C.1992); *In re Joyner,* 48 Cal.3d 487, 256 Cal.Rptr. 785, 769 P.2d 967 (1989).

The Commonwealth Court modified *Mitchell* in *Davis v. Cuyler,* 38 Pa.Cmwlth. 488, 394 A.2d 647 (1978), holding that, only where the Board's detainer is the sole reason for confinement, will the pre-sentence confinement credit be applied to backtime on the original sentence. This echoed the federal statute in effect at the time, which was interpreted by federal courts to mean that the credit against a federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. Interestingly, the judicial rule developed by the Commonwealth Court and later endorsed by this Court in *Gaito* had its genesis in a case in which the limits of the Board's discretion in the application of credit for time served were under examination. The Commonwealth Court held in *Davis* merely that, in the specific circumstance in which the Board's detainer is the *sole reason* that the offender is confined, the Board lacks discretion and is required to apply the time in confinement to the offender's original sentence. *Id.* This was reasonable under these circumstances, where the detainer functioned as the only reason for the custody, and this was, in fact, the reason supplied for the rule devised in *Davis. Davis,* however, said nothing that would deprive the Board of the ability to consider an award of credit for time served in circumstances in which the detainer was *not* the sole reason for the pre-sentence confinement.

Subsequently, in *Rodriques v. Pennsylvania Bd. of Probation and Parole,* 44 Pa.Cmwlth. 68, 403 A.2d 184 (1979), and in

cases that followed, the Commonwealth Court cited the *Davis* rule in support of a general proposition that "crediting would occur *only* when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Id.* at 185–86 (emphasis added). Neither *Rodriques*, nor any subsequent case provided an explanation for citing the holding in *Davis* to prove its converse; rather, because the substantially broader rule announced in *Rodriques* was seemingly endorsed in *Gaito* (again without the provision of reasoning supporting the rule), it has been employed in boilerplate fashion. *See McCoy v. Pennsylvania Bd. of Probation and Parole,* 793 A.2d 1004 (Pa.Cmwlth.2002); *Gallagher v. Pennsylvania Bd. of Probation and Parole,* 804 A.2d 729 (Pa.Cmwlth.2002); *Blanchard v. Pennsylvania Bd. of Probation and Parole,* 785 A.2d 1054 (Pa.Cmwlth.2001); and *Owens v. Pennsylvania Bd. of Probation and Parole,* 753 A.2d 919 (Pa.Cmwlth.2000).

In articulating its decision in the instant matter, the Commonwealth Court relied on its decision in *Berry v. Pennsylvania Bd. of Probation and Parole,* 756 A.2d 135 (Pa.Cmwlth. 2000). There, Anthony Berry (Berry) was originally sentenced to a term of one year and six months to seven years on two counts of delivery of a controlled substance. He was paroled, but failed to abide by his conditions of parole and the Board declared him delinquent. While on parole, he was arrested and charged with terroristic threats, simple assault, and firearms violations. The Board issued a warrant to commit and detain him, but the charges were dropped.

On September 24, 1998, Berry was arrested by the Duquesne Police Department and charged with reckless driving, fleeing and eluding police and unauthorized use of a motor vehicle. The Board, by order dated January 11, 1999, recommitted Berry to serve nine months backtime as a technical parole violator when available. On July 8, 1999, Berry pled nolo contendere to the September 24, 1998 charges and was sentenced to time served plus twenty months probation. He received credit from September 24,

1998 to January 24, 1999, on his new sentence. Berry then was returned to SCI Frackville. After a hearing, the Board recommitted Berry to serve twelve months backtime as a convicted parole violator and nine months backtime as a technical parole violator, consecutively. Berry requested administrative relief and alleged that the Board failed to give him credit for time served solely under the Board's warrant from January 24, 1999, to July 8, 1999. The Board denied the request and noted that Berry did not post bail following the September 24, 1998, charges and "was not entitled to credit as he had no right to deposit the five months and fourteen days into a 'penal checking account and apply any pre-sentence custody credit in excess of his new sentence to his original sentence.' "

*Jones v. Pennsylvania Bd. of Probation and Parole,* 831 A.2d 162, 2003 WL 21991555 (Pa.Cmwlth.2003). The Commonwealth Court then applied the principles that it divined from *Gaito* and disposed of *Berry* as follows:

Our Supreme Court thereafter created an exception to this rule by stating in a footnote that "[i]t is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charges, the pre-trial custody time must be applied to the parolee's original sentence." *Gaito,* 488 Pa. at 404 n. 6, 412 A.2d at 571 n. 6. Applying the exception from the footnote in *Gaito,* this Court, in *Davidson v. Pennsylvania Board of Probation and Parole,* 667 A.2d 1206 (Pa.Cmwlth.1995), held that a parolee detained in custody for failure to post bond on new criminal charges that are ultimately nolle prossed is entitled to credit against his original sentence. Recently, however, we stressed that this exception only applies if a parolee is not convicted or if no new sentence is imposed. *See Smarr* [*v. Pennsylvania Bd. of Probation and Parole,* 748 A.2d 799 (Pa.Cmwlth.2000) ].

In the case at bar, Petitioner asks this Court to extend the exception such that a parolee who receives a shorter term of sentence than the period of time he is incarcerated at the time of sentencing is entitled to credit against his original

> sentence for this additional time. We refuse to do so. In this case, Berry pled nolo contendere to [the new] charges ... Hence, Berry was "convicted" of these new charges. In addition, Berry was sentenced to time served (four months) plus twenty months probation as a result of this conviction. As Berry was "convicted" of these new charges and a new "sentence" was imposed, the exception as stated in *Gaito* and *Davidson* does not apply. Thus, we cannot say that the Board erred as a matter of law in failing to credit Berry for time served from January 24, 1999, to July 8, 1999.

*Berry,* 756 A.2d at 137–138. The Commonwealth Court concluded that *Berry* and the instant matter were indistinguishable and denied application of the excess confinement credit.

It is now the opinion of this Court that the Board should not have been divested of its ability to make a determination concerning credit for time served for pre-sentence detention in instances where confinement is a result of *both* the detainer for a parole violation *and* the failure to meet conditions of bail on the new offense. Significantly, the General Assembly has sought to foreclose the award of such a credit only as against time spent at liberty on parole, 61 P.S. § 331.21a, thus suggesting the availability of credit where it is sought for periods of incarceration. Moreover, as noted by Judge Smith–Ribner in her dissenting opinion in this case, and Judge Friedman in her dissenting opinion in *Owens v. Pennsylvania Bd. of Probation and Parole,* 753 A.2d 919 (Pa.Cmwlth.2000), the considerations relevant to the award of credit are just and equitable in nature. Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision making in this context is, thus, particularly suited to a discretionary framework with guidelines to ensure equitable treatment. Indeed, because the rules devised in *Gaito* and the underlying cases were incapable of anticipating all possible credit permutations, the decision by the courts to occupy this area has resulted in denial of confinement credit to offenders who would have received time credit prior to *Mitchell.*

The reason often given for the failure to apply credit for time served within circumstances similar to the instant matter, is that the Constitution neither permits nor requires the establishment of "penal checking accounts." The concern is that prisoners, while not in confinement, could set up some sort of escrow into which they would deposit time spent awaiting trial on both a board warrant and pending charges, or that time served on unrelated charges later declared invalid could be deposited into that account to be subsequently withdrawn and applied toward a future sentence. As one court aptly noted, to allow an individual to accumulate time credits might mean that the situation could arise wherein an individual might have "banked" several years of prison time to apply to a sentence for a crime that he has not as yet committed or for which he has not yet been prosecuted. *United States ex rel. Smith v. Rundle,* 285 F.Supp. 965 (E.D.Pa.1968). Our decision in the instant matter does not create a "penal checking account." It merely provides for the allocation of all periods of confinement: (1) where confinement is the result of both a Board warrant and pending criminal charges; (2) where there is no period of incarceration imposed; (3) where the charges are nolle prossed; (4) or the parolee is acquitted. Accordingly, we hold that, where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.[6] We further hold that the indigency of a detainee in failing to satisfy the requirements

6. We are cognizant of the potential ambiguities that may arise using the various sentencing alternatives available to trial courts pursuant to 42 Pa.C.S. § 9721, and in particular, the possibility that a sentence of guilt without further penalty may have implicitly accounted for the period of pre-trial confinement served by the defendant. *Cf.* 42 Pa.C.S. § 9760(1) (requiring trial courts, in fashioning a sentence, to give credit for "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed"). Consistent with the equitable principle that time spent in custody pursuant to new criminal charges and a detainer warrant must be credited against some period of a parolee's confinement, if a trial court intends an alternative sentence to include the time served pending disposition of the new criminal charges, such an intent should be expressly stated on the record.

for bail is not determinative as to whether the offender receives credit for time served.

Were Appellant here to serve the full term of his sentence, he would be imprisoned for one year, one month, and nineteen days in excess of that of an individual similarly situated who was able to post bail. Such a disparity can have no conceivable penological justification. There are two purposes for awarding pre-sentence credits: (1) eliminating the unequal treatment suffered by indigent defendants who, because of their inability to post bail, may serve a longer overall confinement for a given offense than their wealthier counterparts; and (2) equalizing the actual time served in custody by defendants convicted of the same offense. These purposes are not met when an indigent detainee is denied credit for serving time on both a Board detainer and new criminal charges solely because the detainee does not have the financial resources to satisfy bail requirements. To the extent that decisions in this Commonwealth have held to the contrary, they are disapproved.

The Order of the Commonwealth Court is reversed and the matter is remanded for recalculation of Appellant's maximum release date, with disposition consistent with this Opinion.

Chief Justice CAPPY did not participate in the consideration or decision of this case.

Justice NIGRO files a dissenting opinion.

Justice NIGRO, Dissenting.

I must respectfully dissent as I believe that the Commonwealth Court properly affirmed the decision of the Board of Probation and Parole ("Board") not to credit Appellant James Martin's pre-trial confinement to his parole violation sentence, *i.e.,* his "original sentence."

I would reaffirm the rule set forth by this Court over a decade ago in *Gaito v. Pennsylvania Bd. of Probation and Parole,* 488 Pa. 397, 412 A.2d 568, 571 (1980). In that case, this Court held:

[I]f a [parolee] is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a [parolee], however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d at 571.[1] In my view, this rule is mandated by section 331.21a of the Parole Act, and as a result, may not be changed by the majority to permit a parolee's pre-trial confinement to be credited to his original sentence in circumstances where he did not post bail and the Board filed a detainer against him.

Section 331.21a(a) of the Parole Act provides:

Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.... *The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.*

**1.** In a footnote, this Court created a narrow exception to this rule set forth in the body of the opinion so as to permit the allocation of a parolee's pre-trial confinement to his original sentence in cases where the parolee did not satisfy bail, but was acquitted of the new charges, or the parolee did not receive a sentence on the new charges. *See Gaito*, 412 A.2d at 571 n. 6. While such an exception is not entirely consistent with the Parole Act, *see infra* pp. 310–11, I nevertheless believe that it was within this Court's equitable powers to create this limited exception.

61 P.S. § 331.21a(a) (emphasis added). Thus, according to this statute, a parolee may only receive credit towards his original sentence for that time spent in jail after he is taken into custody "*as a parole violator.*" *See id.*

In the instance where a parolee is arrested on new criminal charges and incarcerated because he cannot post bail, that period of incarceration is due to his new charges, not his parole violation, and therefore the time cannot be credited to his original sentence under the plain language of section 331.21a. *See Gaito,* 412 A.2d at 571; *Rodriques v. Pennsylvania Bd. of Prob. and Parole,* 44 Pa.Cmwlth. 68, 403 A.2d 184, 185–86 (1979); *Davis v. Cuyler,* 38 Pa.Cmwlth. 488, 394 A.2d 647, 649–50 (1978). While, as the majority notes, the Board may file a detainer against the arrested parolee who fails to post bail that "will prevent the parolee from making bail, pending disposition of the new charges or other action of the court," 37 Pa.Code § 65.5(2), that does not change the fact that the parolee must nevertheless remain incarcerated due to his failure to post bail on the new charges. The detainer will only take effect if the parolee manages to meet bail,[2] or when the new charges are resolved. *See Davis,* 394 A.2d at 650 (detainer simply assures that "the [parolee] will be turned over to the Board when available"). Unless one of these two occurrences takes place, the parolee remains incarcerated due to his failure to post bail on the new charges and thus, pursuant to section 331.21(a) of the Parole Act, that pre-trial incarceration time may not be credited to his original sentence. *See* 61 P.S. § 331.21a(a); *Gaito,* 412 A.2d at 571.

Accordingly, as I believe that section 331.21a of the Parole Act requires that this Court maintain the rule established in *Gaito,* I must disagree with the majority's decision to change that rule to permit a parolee's pre-trial confinement to be credited to his original sentence and/or his new sentence when he did not post bail on the new charges and the Board filed a detainer against him. Moreover, in my view, permitting such a credit option to a parolee, who has been convicted of and

---

**2.** Notably, the parolee may always seek a modification of bail under Pennsylvania Rule of Criminal Procedure 524. *See* Pa. R.Crim. P. 524.

received a sentence for new charges, would grant such a recidivist criminal an unwarranted windfall.[3,4]

Thus, as Appellant failed to post bail on his new charges, I believe that the Board properly refused to credit his pre-trial confinement time to his original sentence based on the rule established by this Court in *Gaito.*

**3.** The rule created by the majority only grants new relief to those parolees who have been convicted of and received a sentence for the new charges because, as noted *supra* in footnote 1, this Court already held in *Gaito* that where a parolee was not convicted on the new charges or did not receive a sentence, his pre-trial confinement may be credited to his original sentence. *See* 412 A.2d at 571 n. 6.

**4.** The majority also finds that the exception created in *Gaito's* footnote six, *see supra* n. 1, should be extended to permit a parolee, who did not meet bail on his new charges, to credit his pre-trial confinement to his original sentence not only when he was not convicted of the new charges or received no new sentence, but also whenever he did not receive a new sentence *of incarceration.* Here, however, Appellant received a sentence of forty-eight hours of incarceration on his new charges. Thus, to the extent that *Gaito* did not resolve the issue of whether a parolee may credit his pre-trial confinement to his original sentence when he did not receive a new sentence of incarceration, that issue is not properly before this Court in the instant case.