**[J-42-2017] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| DEREK SMITH, | : | No. 82 MAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated February |
| | : | 23, 2016 at No. 1007 CD 2015 vacating |
| v. | : | the Order of the Pennsylvania Board of |
| | : | Probation and Parole dated May 21, |
| | : | 2015 at No. 7679-0 and remanding the |
| PENNSYLVANIA BOARD OF | : | case |
| PROBATION AND PAROLE, | : | |
| | : | ARGUED: May 10, 2017 |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE TODD**                                    **DECIDED: October 18, 2017**

I join Chief Justice Saylor's cogent Dissenting Opinion in all respects but one. First, I share his worthy observations about the lack of legislative guidance in this area. Even though nearly a decade and a half has elapsed since our Court's observation in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 302 (Pa. 2003), that "the General Assembly . . . has not addressed the permutations that arise when applying credit for time served in the parole revocation context," the legislature has not amended either the Parole Code or the Sentencing Code to specifically address the question of the proper allocation of time credit when a parolee is detained awaiting trial on new criminal charges and is also subject to a detainer lodged by the Board of Probation and Parole. In the absence of explicit instruction from the legislative branch,

our Court, motivated by equitable considerations,[1] has fashioned a framework for assigning time credit whenever both the parolee's original sentence and new sentence are imposed by a Pennsylvania state court for crimes committed in Pennsylvania, and both sentences will be served in Pennsylvania correctional facilities. *See Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980); *Martin*.

I also agree with Chief Justice Saylor that *Gaito* does not govern the outcome of this case, nor, in my estimation, does *Martin*, as neither case involved the type of sentences at issue here, *i.e.*, the offender's new sentence was imposed by a federal court for a crime committed outside of Pennsylvania, and the offender's prior sentence was imposed by a Pennsylvania court for a Pennsylvania crime. However, I wholly concur in Chief Justice Saylor's assessment, and that of the lower court, that a compelling indication of the legislature's intent in this situation can be discerned from Section 6138(a)(5.1) of the Prisons and Parole Code which specifies the ordering of service of these two type of sentences: "[i]f the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction . . . the parolee shall serve the balance of the original term before serving the new term," 61 Pa.C.S. § 6138(a)(5.1). While this statutory provision does not speak directly to the issue of time credit, it indicates a legislative preference that, in these situations, the Pennsylvania sentence must be served first. Thus, it is reasonable to conclude, as the Commonwealth Court did, that credit for time served should also be assigned to Appellee's Pennsylvania sentence, as Pennsylvania seemingly has the most significant interest in seeing this time credit applied to its own court's sentence. It is, after all, the Commonwealth's correctional system and, by extension, our Commonwealth's budget

---

[1] *See Martin*, 840 A.2d at 308 ("Decision making in this context is . . . particularly suited to a discretionary framework with guidelines to ensure equitable treatment.").

supported by the taxpayers which will bear the costs of incarcerating Appellee, and all others similarly situated, in a Pennsylvania prison because of a Pennsylvania sentence.

However, because, in my view, *Gaito* and *Martin* provide an appropriate framework for the proper assignment of time credit whenever the sentences are imposed by Pennsylvania courts and the terms of incarceration will be served in Pennsylvania correctional facilities, unlike the Chief Justice, I see no reason to revisit either case in the absence of further legislative direction in this area. In all other respects, I join him in dissenting from the Majority Opinion.