# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marquis Williams, : 
             Petitioner : 
               : 
         v. :   No. 487 C.D. 2020
               :   Submitted: December 4, 2020
Pennsylvania Parole Board, : 
             Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON             FILED: March 1, 2021

Marquis Williams (Williams) petitions for review of the April 28, 2020 decision of the Pennsylvania Parole Board (Board) that denied his petitions for administrative review as procedurally improper because they were second or subsequent administrative challenges. Discerning no error, we affirm.

On November 14, 2013, Williams pled guilty in the Court of Common Pleas of Allegheny County (common pleas) to two counts of burglary of a non-occupied structure. Certified Record (C.R.) at 1. As a result, Williams was sentenced to a total of two to four years incarceration. *Id.* at 1-2. Williams' original minimum sentence date was calculated as February 15, 2017, and his maximum sentence date was calculated as February 15, 2019. *Id.* at 2.

On February 21, 2017, Williams was released on parole to Renewal, Inc., a community corrections center (CCC), where he was to remain until he was successfully discharged to an approved plan to complete any time remaining on his parole. C.R. at 5-7, 8-9. On October 20, 2017, Williams was arrested by the Edgewood Police Department and charged with new criminal offenses related to retail theft, and the Board issued a warrant to commit and detain him on October 21, 2017. *Id.* at 12-14, 17. Williams pled guilty to the charges on November 3, 2017, and was sentenced to time served. *Id.* at 25, 27. His parole was not revoked and the Board's detainer was lifted on November 7, 2017. *Id.* at 28, 33.

On February 6, 2018, Penn Hills Police Department charged Williams with the first of three sets of new criminal offenses.[1] C.R. at 43. The Board declared Williams delinquent effective February 16, 2018. *Id.* at 41. Penn Hills Police Department charged Williams with a second set of criminal offenses on April 18, 2018,[2] and he remained delinquent until April 30, 2018, when he was taken into the Board's custody. *Id.* at 42-43. That same day, bail was set at $10,000 in each of the first two sets of criminal offenses, but Williams was unable to post bail. *Id.* at 57-62. Penn Hills Police Department then charged Williams with a third set of criminal offenses on June 1, 2018,[3] for which he was granted non-monetary bail on June 11, 2018. *Id.* at 63-64.

Williams waived his rights to counsel and to a detention hearing, and, by a decision recorded on July 5, 2018, the Board detained Williams pending

---

[1] This first set of offenses was docketed in the Allegheny County Court of Common Pleas (common pleas) at CP-02-CR-0007643-2018. C.R. at 43, 75-79.

[2] The second set of offenses was docketed in common pleas at CP-02-CR-0007641-2018. C.R. at 43, 80-85.

[3] The third set of offenses was docketed in common pleas at CP-02-CR-0007639-2018. C.R. at 63, 86-91.

disposition of the new criminal charges. *Id.* at 45, 65. The Board lifted its detainer on February 15, 2019, when Williams reached his parole violation maximum sentence date. *Id.* at 66.

On February 4, 2019, following a non-jury trial regarding the first set of criminal offenses, Williams was found guilty of theft by unlawful taking-movable property and not guilty of burglary and criminal mischief. C.R. at 75-77. On March 14, 2019, Williams pled guilty to multiple charges from the second and third sets of criminal offenses, and his non-monetary bail was revoked that same day. *Id.* at 80-85, 86-91. Williams was sentenced on May 2, 2019, to concurrent 8- to 16-month periods of incarceration in the Allegheny County Jail on each of the three sets of offenses. *Id.* at 69-73. The Board issued a warrant to commit and detain Williams the following day. *Id.* at 74.

On May 29, 2019, Williams waived his rights to counsel and a revocation hearing, and admitted that the above convictions violated his parole. C.R. at 106-08. The Board subsequently issued a decision, recorded on June 10, 2019, recommitting Williams as a convicted parole violator (CPV) to serve 18 months, when available, pending parole from or completion of his Allegheny County sentences and return to a state correctional institution (SCI). *Id.* at 119.[4] On January 2, 2020, common pleas granted Williams' request for release from imprisonment on

---

[4] Williams filed a *pro se* administrative remedies form with the Board on June 20, 2019, challenging the Board's decision to recommit him, his sentence credit, and the recalculation of his maximum sentence date. C.R. at 121-22. In a response mailed to Williams on October 23, 2019, the Board explained that he was recommitted to an SCI "when available" because he was not yet available to re-start service of his original sentence; thus, the Board had not yet issued a final recalculation decision, including whether any credit would be awarded. *Id.* at 128. The Board affirmed its action of June 10, 2019, and further explained that Williams would receive a final decision and recommitment order when he was paroled from his county sentence and returned to an SCI. *Id.* The Board's October 23, 2019 response is not at issue in this appeal.

his Allegheny County sentence, and he was returned to the Board's custody. *Id.* at 130. By a decision mailed on January 21, 2020 (recorded on January 17, 2020), the Board exercised its discretion and did not award Williams credit for the time he spent at liberty on parole because his "new conviction is same/similar to the original offense." *Id.* at 135-36. Given this decision and Williams' previous recommitment as a CPV to serve 18 months' backtime, when available, the Board recalculated Williams' parole violation maximum date as April 8, 2021. *Id.* By a decision mailed on February 5, 2020 (recorded on February 4, 2020), the Board modified its January 17, 2020 decision to reflect the correct parole violation maximum date of December 9, 2021, noting "technician error." *Id.* at 137.

Williams filed a *pro se* administrative remedies form with the Board on February 5, 2020, challenging the Board's recalculation of his parole violation maximum sentence date and alleging that he was not given credit for all of his pre-sentence confinement from April 30, 2018, to May 2, 2019. C.R. at 140-42. Williams subsequently filed a "supplemental" administrative remedies form with the Board on February 7, 2020, challenging the Board's recalculation of his maximum sentence date on grounds that he should receive credit for the periods of time he spent on parole at a CCC. *Id.* at 147-48.

By a decision mailed on February 11, 2020, the Board denied Williams' requests for administrative relief. C.R. at 150-52. As to the merits, the Board explained that the decision to recommit Williams as a CPV gave the Board statutory authority to recalculate his maximum date to reflect that he received no credit for the time he spent at liberty on parole. *Id.* at 150. The Board noted that during his period of pre-sentence incarceration, Williams was never held solely on the Board's detainer. *Id.* at 151. Moreover, Williams did not serve the entire balance of his new

4

county sentences prior to being paroled by Allegheny County to the Board's custody on January 2, 2020. *Id.* Therefore, Williams was not entitled to any credit for his period of pre-sentence confinement, and he owed 707 days toward his original sentence. *Id.* Pursuant to Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5),[5] a parolee who is released from an SCI and receives a new sentence to be served in a county prison must serve the new sentence first. *Id.* Because of this, the Board explained, Williams was not available to begin serving his original sentence until he was paroled by Allegheny County on January 2, 2020, and adding 707 days to that availability date yields the recalculated maximum sentence date of December 9, 2021. *Id.* Accordingly, the Board modified its January 17, 2020 decision to correct the typographical error, as noted in its February 4, 2020 decision, and otherwise affirmed its January 17, 2020 decision. *Id.* at 152.

On March 5, 2020, Williams, this time through Counsel, submitted a second administrative remedies form again challenging the Board's sentencing calculations and claiming that the Board committed an error of law in not granting

---

[5] Section 6138(a)(5) states as follows:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

5

Williams credit toward his original sentence for his period of pre-sentence confinement.[6] C.R. at 156-57. This administrative remedies form indicated that it was challenging the Board's decisions dated February 5 and 11, 2020. *Id.* at 156. Williams' Counsel submitted an identical administrative remedies form, with the same attachments, to the Board on March 10, 2020. *Id.* at 159-61.

In a response mailed on April 28, 2020, the Board indicated that it would not take any further action on the administrative remedies forms received from Williams on March 5 and 10, 2020. C.R. at 163. Citing its regulation found at 37 Pa. Code § 73.1, the Board explained that because the substantive issues in Williams' correspondence were already addressed in the Board's final adjudication mailed on February 11, 2020, "the next step would be to file an appellate petition for administrative review." *Id.* Williams filed a petition for review (Petition) of the Board's April 28, 2020 decision with this Court on May 26, 2020.[7]

On appeal, Williams argues that the Board erred in recalculating his maximum sentence date because it failed to give him credit toward his original

_____

[6] Williams attached to his administrative remedies form an order of the sentencing judge from common pleas dated February 11, 2020. C.R. at 158. This order granted Williams' Motion to Clarify Time Credit, stating, in pertinent part:

> [I]t was the intention of this court to sentence [] Williams on three (3) linked cases[] . . . to eight (8) to sixteen (16) months of confinement, to run concurrently, without accrediting pre-sentence time served, of one (1) year and three (3) days, to this sentence. It was the intention of this Honorable Court to allow credit for time served, awaiting sentence, to be credited to any parole violation time [] Williams may be asked to serve, at the discretion of the [] Board . . . .

*Id.*

[7] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

sentence for his period of pre-sentence incarceration. Williams' Br. at 15-20. Williams claims that during the period in question, he was held on both the Board's detainer as well as his new criminal charges, and that given his circumstances, his period of pre-sentence incarceration could not be credited toward his new sentence. *Id.* Williams relies upon *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003), wherein our Supreme Court held that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Williams further argues that the Board erred in denying him credit for the time he spent on parole at CCCs because the conditions there could not reasonably be described as "time spent at liberty on parole." Williams' Br. at 20-25.

In response, the Board argues that it mailed its final adjudication regarding Williams' maximum sentence date on February 11, 2020. As such, Williams should have filed his Petition with the Court on or before March 12, 2020. Instead, he filed two additional administrative remedies forms, both of which challenged the calculation of his maximum sentence date. However, the Board's regulations specifically prohibit the filing of second or subsequent appeals;[8] therefore, the Board argues that it did not err in dismissing Williams' subsequent administrative challenges as procedurally improper. The Board further argues that because Williams' Petition was not filed until May 26, 2020, the only issue properly before this Court on appeal pertains to the Board's April 28, 2020 decision. Consequently, all of the issues Williams raises pertaining to the recalculation of his

---

[8] The Board cites to Section 73.1 of its regulations, which provides, in pertinent part, that second or subsequent appeals or petitions for administrative review will not be received. *See* 37 Pa. Code § 73.1(a)(4), (b)(3).

7

maximum date have been waived, as they were decided in the Board's February 11, 2020 decision, which was not timely appealed. We agree with the Board on both counts.

Here, the Board's February 11, 2020 decision was a final decision with respect to the recalculation of Williams' maximum date, including the issues surrounding the Board's denial of credit. Williams had 30 days from the final decision's mailing date to appeal to our Court,[9] and the Board's decision contained language notifying Williams of this fact. *See* C.R. at 152 (stating, in pertinent part, that "[*f*]*ailure to appeal a decision may affect your legal rights. See 37 Pa. Code sec. 73. If you wish to appeal this decision, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response*.") (italics in original). Williams did not appeal the Board's February 11, 2020 decision to this Court within 30 days, but instead filed second and third administrative remedies forms with the Board on March 5 and 10, 2020, respectively. C.R. at 156-61. These forms were procedurally improper, as the Board's regulations bar consideration of second or subsequent administrative appeals and petitions for administrative review. *See* 37 Pa. Code § 73.1(a)(4), (b)(3).

Accordingly, we affirm the Board's April 28, 2020 decision.

_____
J. ANDREW CROMPTON, Judge

---

[9] Rule 1512(a)(1) of the Pennsylvania Rules of Appellate Procedures provides that a petition for review "shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1).

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marquis Williams,               :
           Petitioner     :
                             :
     v.                   :   No. 487 C.D. 2020
                             :
Pennsylvania Parole Board,   :
           Respondent   :

# **O R D E R**

AND NOW, this 1ˢᵗ day of March 2021, the April 28, 2020 decision of the Pennsylvania Parole Board is AFFIRMED.

_____
J. ANDREW CROMPTON, Judge