J-S23009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN JOSEPH WICKER | |
| Appellant | No. 2225 EDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001416-2015

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 19, 2016**

Appellant, John Joseph Wicker, appeals from the judgment of sentence entered on August 12, 2014, after he pled guilty in an open guilty plea to a single charge of retail theft. Wicker challenges the legality of his sentence and the discretionary aspects of his sentence. Additionally, Wicker's court appointed counsel, Lisa Y. Williams, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant attorney Williams's application to withdraw.

Through a negotiated plea, Wicker pled guilty to stealing a pair of headphones from a Radio Shack store, although he agreed to pay restitution

---

[*] Former Justice specially assigned to the Superior Court.

equal to the value of both pairs of headphones that he had stolen. At the time of sentencing, Wicker was serving a one to two year sentence of incarceration for a violation of probation in an unrelated case. Wicker asked the sentencing court to impose a concurrent sentence, but the sentencing court refused, imposing a standard guideline sentence of four to twenty-four months' incarceration to run consecutively to the sentence he was already serving. The sentencing court subsequently denied Wicker's motion to reconsider sentence, and this timely appeal followed.

On appeal, Attorney Williams has filed a petition to withdraw as counsel. When court-appointed counsel seeks to withdraw from representation on appeal, counsel must meet the following requirements:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record;  (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id**., at 355 n.5 (citation omitted).

Counsel has substantially complied with the technical requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirmed that she sent a copy of the *Anders* brief to Wicker, as well as a letter explaining to Wicker that he has the right to proceed *pro se* or the right to retain new counsel. **See Commonwealth v. Daniels**, 999 A.2d 5990, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). Wicker has not filed a response.

We will now proceed to examine the issues counsel has set forth in the *Anders* brief. Counsel identifies two issues that Wicker desires to raise, both of which involve challenges to his sentence. First, Wicker argues that the sentencing court abused its discretion in imposing a sentence of confinement that is to run consecutively to his prior sentence in an unrelated case. The sentence imposed does not exceed the statutory maximum, nor is Wicker arguing against the imposition of mandatory minimums. Thus, his claim raises a challenge to the discretionary aspects of the sentence imposed. **See Commonwealth v. Hornaman**, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question

as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id**. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id**. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **See id**. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation omitted).

In the present case, Wicker's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.

We therefore turn to examine whether Wicker has raised a substantial question. Wicker's claim that his sentence was excessive because the trial court failed to consider mitigating factors, which were of record, does not raise a substantial question for our review. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013), ***appeal denied***, 91 A.3d 161 (Pa. 2014) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.").

To the extent Wicker argues that the trial court imposed an excessive and unreasonable sentence, without indicating which section of the sentencing code the trial court is alleged to have violated, this similarly fails to raise a substantial question. ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), ***appeal denied***, 62 A.3d 378 (Pa. 2013) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); ***Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence).

To the extent Wicker is challenging the consecutive nature of the sentence imposed, we note that a sentencing court "has the discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Id*., at 171-172 (citation omitted). We cannot conclude that the circumstances of this case constitute extreme circumstances or that the sentence imposed was unduly harsh. We therefore agree with counsel's assessment that Wicker's arguments do not raise a substantial question and are therefore wholly frivolous.

In the second issue Wicker wishes to raise, he asserts that the sentencing court imposed an illegal sentence by failing to give him credit for time served. This issue raises a challenge to the legality of a sentence. *See Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). The application of credit for time served is governed by 42 Pa.C.SA. § 9760, which states in part the following:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is

based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

For guidance on the appropriate procedure for the application of credit for time served, we turn to this Court's decision in ***Commonwealth v. Mann***, 957 A.2d 746 (Pa. Super. 2008). The panel explained that

> [w]hile no single case offers a specific, unified, time-served credit application schema, we read [***Gaito v. Pa. Bd. of Probation & Parole***, 412 A.2d 568 (Pa. 1980)], [***Martin v. Pa. Bd. Of Probation & Parole***, 840 A.2d 299 (Pa. 2003)], and [***McCray v. Pa. Dept. of Corrections***, 872 A.2d 1127 (Pa. 2005)] together as providing a resolution to the questions of where time-served credits are to be applied and by which adjudicatory body: all time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. ***Gaito***, ***supra***. If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court. ***See id***.; ***see Martin***, ***supra***.

***Id***. at 751. The evidence of record indicates that Wicker was still serving his one- to two-year sentence for a previous probation violation when he was sentenced in this case. The certified docket entries reveal that Wicker posted bail on the charges underlying this appeal. As such, he was not entitled to any credit for time served against this sentence. We therefore agree with counsel's opinion that this issue is wholly meritless.

After examining the issues contained in the ***Anders*** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

- 7 -

Judgment of sentence affirmed.  Permission to withdraw as counsel is granted.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2016