J-S54005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DAMON HOUGH | : | |
| | : | |
| Appellant | : | No. 1264 WDA 2017 |

Appeal from the Judgment of Sentence June 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011935-1992

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:                **FILED NOVEMBER 09, 2018**

Appellant, James Damon Hough, challenges the judgment of sentence entered in the Allegheny County Court of Common Pleas, following resentencing on his first-degree murder conviction. Additionally, counsel for Appellant seeks permission from this Court to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. In 1992, when he was seventeen years old, Appellant was drinking and carousing with a group of fifty teenagers on a street corner in Pittsburgh. The intoxicated victim, a 39-year-old man unaffiliated with the teens, approached one of Appellant's friends and asked if he wanted to smoke some crack cocaine. Appellant felt "disrespected" by the comment, and some of the other teenagers began hitting and kicking the victim, who attempted to flee. N.T.,

Trial, 5/11/93, at 101. Appellant pulled out a gun and shot the victim, who later died from his wounds.

Appellant proceeded to a jury trial, where he was convicted of first-degree murder and sentenced to life without the possibility of parole. Appellant filed a post-sentence motion for a new trial, which the court ultimately denied. Appellant filed four petitions pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, in the years following. The fourth challenged his sentence of life without parole following the United States Supreme Court's decisions in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). The PCRA court granted relief on this claim, based on the "new constitutional right" exception to the PCRA's time-bar, 42 Pa.C.S.A. § 9545(b)(iii).

The court appointed counsel to represent Appellant, and held a resentencing hearing. At the resentencing hearing, Appellant introduced evidence to show the efforts at reform he has made while incarcerated, including testimony from a forensic psychologist and letters of recommendation from community artists with whom Appellant has worked while incarcerated. The court vacated the prior sentencing order, and resentenced Appellant to 27 years to life imprisonment on his first-degree murder conviction. Appellant filed a post-sentence motion, which the court denied, and a timely notice of appeal. This appeal is now properly before us.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

An *Anders* brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

Appellant's counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Appellant's appeal is frivolous. Counsel

attached to his petition a copy of his letter to Appellant, advising that Appellant may retain new counsel, raise additional issues *pro se*, or discontinue his appeal. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Appellant, and counsel's assessment of why those issues are meritless, with citations to relevant legal authority.

Counsel has thus complied with the requirements of **Anders** and **Santiago**. Appellant has not filed a response. We may proceed to review the issues outlined in the **Anders** brief.

Counsel has identified two issues Appellant believes may entitle him to relief. First, Appellant argues the resentencing court was without authority when it imposed a term of 27 years to life imprisonment on Appellant's first-degree murder conviction, because it lacked authority to do so. Second, Appellant contends that his maximum sentence of life imprisonment provides him with no legitimate opportunity for release. Neither has merit.

Appellant's issues challenge the legality of his sentence. "Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Barnes**, 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*) (internal quotations and citation omitted).

In **Miller**, the United States Supreme Court held that the Eighth Amendment's prohibition on cruel and unusual punishment forbids the mandatory imposition of a life without parole sentence for a juvenile offender

convicted of homicide. ***See*** 567 U.S. at 465. Notably, the Court did not foreclose sentencing courts from ever imposing terms of life without parole. ***See id***., at 479. Instead, it required sentencing courts to consider a juvenile's immaturity and capacity for change, and to refrain from imposing a life without parole term except in extreme cases where the sentencing court determines that the juvenile is incapable of rehabilitation. ***See id***., at 480. Thereafter, in ***Montgomery***, the Court held ***Miller*** announced a substantive rule of constitutional law that must be applied retroactively. ***See Montgomery***, 136 S.Ct. at 736.

In order to correct Pennsylvania's consequently unconstitutional sentencing scheme, the Legislature enacted 18 Pa.C.S.A. § 1102.1. The statute provided that offenders who were between the ages of 15 and 17 at the time of their crimes and convicted of first-degree murder after June 24, 2012, must be sentenced to a maximum term of life imprisonment. ***See*** 18 Pa.C.S.A. 1102.1(a)(1). The minimum term for that class of offender is 35 years. ***See id***.

However, the new law did not address the resentencing of juvenile offenders convicted of murder and sentenced to life without parole before June 24, 2012. Instead, the Pennsylvania Supreme Court held in ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017) ("***Batts II***"), that juvenile offenders for whom the sentencing court deems life without parole sentences inappropriate, "are subject to a mandatory maximum sentence of life imprisonment as required by section 1102(a), accompanied by a minimum sentence

determined by the common pleas court upon resentencing[.]" ***Id***., at 421. The Court found that in fashioning a minimum sentence, courts "should be guided by the minimum sentences contained in section 1102.1(a)[.]" ***Id***., at 458. In doing so, the ***Batts II*** Court "expressly rejected the claim … that there is no legislatively authorized sentence for juveniles convicted of first-degree murder prior to 2012." ***Commonwealth v. Melvin***, 172 A.3d 14, 21 (Pa. Super. 2017) (citation omitted).

Here, Appellant was convicted of first-degree murder and sentenced to life without the possibility of parole in 1993. Appellant was resentenced in 2017, following ***Miller***, ***Montgomery***, and ***Batts II***, to a term of 27 years to life imprisonment.

We find that ***Batts II*** plainly disproves Appellant's contention that the sentencing court lacked authority to impose a term of 27 years to life imprisonment. ***Batts II*** explicitly directed courts to use 18 Pa.C.S.A. § 1102.1 as a guideline for resentencing juvenile offenders. And, the Pennsylvania Constitution gives the Pennsylvania Supreme Court "the power to prescribe general rules governing practice, procedure and the conduct of all courts as long as such rules neither abridge, enlarge nor modify the substantive rights of any litigant[.]" ***Batts II***, 163 A.3d at 449 (quoting Pa. Const. art. V, § 10). Thus, the court had authority to resentence Appellant pursuant to ***Batts II***. Further, ***Batts II*** *required* the court to sentence Appellant to a mandatory maximum of life imprisonment. ***See id***., at 458. ***See also Commonwealth v. Seskey***, 170 A.3d 1105, 1109 (Pa. Super. 2017).

Appellant's next and final assertion is that a *maximum* term of life imprisonment affords him no "meaningful opportunity for release based upon demonstrated maturity." Appellant's Brief, at 18. Appellant's argument misapprehends Pennsylvania's sentencing scheme.

Pennsylvania utilizes an indeterminate sentencing scheme with a minimum period of confinement and a maximum period of confinement. And "[i]n imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law…." 42 Pa.C.S.A. § 9756(a). *See also Commonwealth v. Saranchak*, 675 A.2d 268, 277 n.17 (Pa. 1996). Here, that maximum period is life. So, the sentence imposed, with a maximum period of life, is lawful.

Appellant may have meant his *minimum* term affords him no "meaningful opportunity for release based upon demonstrated maturity." "[T]he maximum term represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled." *Martin v. Pennsylvania Bd. of Prob. and Parole*, 840 A.2d 299, 302 (Pa. 2003). Appellant will be eligible for parole in 2019. Appellant's minimum term of 27 years falls eight years *short* of the 35-year suggested minimum set forth in § 1102.1(a) for juveniles convicted of first-degree murder. By fashioning a sentence well below the suggested minimum, the trial court has given Appellant a meaningful opportunity for release far sooner than consideration of § 1102.1(a) would otherwise dictate.

After examining the issues contained in the **Anders** brief and undertaking an independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  Date:  11/9/2018