J-S38003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MALIK JOHNSON | : | |
| | : | |
| Appellant | : | No. 3357 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 6, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0402221-2001

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                         **FILED SEPTEMBER 24, 2019**

Malik Jackson appeals from the judgment of sentence imposed on November 6, 2018, in the Court of Common Pleas of Philadelphia County following his 2003 guilty plea to charges of Second-Degree Murder, Robbery, and Conspiracy.  Jackson was sentenced to a mandatory term of life imprisonment without parole.  However, Jackson was a juvenile at the time of the crime.  Pursuant to United States Supreme Court rulings in **Miller v. Alabama**, 567 U.S 460, 132 S.Ct. 407, 183 L.Ed 2d 407 (2012) and **Montgomery v. Louisiana**, ____ U.S. _____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), Jackson was entitled to a new sentence.  Jackson was resentenced to a term of 35 years to life imprisonment.  Relevant to this appeal, the imposition of a maximum sentence of life imprisonment is mandatory. Jackson raises one issue in this timely appeal.  He claims it is unconstitutional to "impose a mandatory lifetime parole tail on all juvenile lifers being

_____

*   Retired Senior Judge assigned to the Superior Court.

resentenced." Jackson's Brief at 3. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Jackson's argument is essentially that just as a lifetime mandatory minimum sentence is unconstitutional for juvenile offenders, so is a lifetime mandatory maximum sentence, as such sentence divests the trial court of the discretion to issue an individualized sentence as prescribed by the United States Supreme Court in the *Miller*, *supra*, and *Montgomery*, *supra*, decisions.

Jackson's argument must fail. As the Commonwealth states in its Appellee's brief, this issue has recently been addressed in *Commonwealth v. Blount*, 207 A.3d 925 (Pa. Super. 2019).[1] *Blount*, in turn, relies in relevant part on *Commonwealth v. Olds*, 192 A.3d 1188 (Pa. Super. 2018) to support its holding.

> *Blount*, *supra*, held:
>
> As for Appellant's claim a mandatory maximum term of life imprisonment is unconstitutional as applied to juvenile offenders convicted of murder prior to *Miller* and violates the mandates of individualized sentencing, this Court has repeatedly rejected these claims. *See Commonwealth v. Olds*, 192 A.3d 1188 (Pa. Super. 2018) (holding imposition of mandatory maximum sentence of life imprisonment for juvenile defendant convicted of second-degree murder prior to *Miller* was constitutional); [*Commonwealth v.*] *Seskey*, [170 A.3d 1105 (Pa. Super. 2017)], *supra*, (holding trial court was required to impose mandatory maximum sentence of life imprisonment when it resentenced juvenile defendant convicted of first-degree murder prior to *Miller*).

_____

[1] A petition for allowance of appeal been filed in *Blount*. We are unaware if our Supreme Court has yet acted upon this petition. *See* 223 EAL 2019, filed May 8, 2019.

Further, as to Appellant's claim a mandatory maximum term of life imprisonment is unconstitutional since it affords him no meaningful opportunity for release, we conclude Appellant misapprehends Pennsylvania's sentencing scheme.

Pennsylvania utilizes an indeterminate sentencing scheme with a minimum period of confinement and a maximum period of confinement. "In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law...." 42 Pa.C.S.A. § 9756(a). *See also Commonwealth v. Saranchak*, 544 Pa. 158, 675 A.2d 268, 277 n.1 (1996). Here, that maximum period is life imprisonment. Therefore, the sentence imposed, with a maximum period of life, is lawful.

To the extent Appellant meant his minimum term is unconstitutional and affords him no meaningful opportunity for release, we note "[t]he maximum term represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled." *Martin v. Pennsylvania Bd. of Probation and Parole*, 576 Pa. 588, 840 A.2d 299, 302 (2003). In considering what constitutes a "meaningful opportunity for release," this Court has recognized that "[t]o be meaningful or, at least, potentially meaningful, it must at least be plausible that one could survive until the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits." *Commonwealth v. White*, 193 A.3d 977, 986 (Pa. Super. 2018) (quotation and emphasis omitted).

Here, the lower court sentenced Appellant to an aggregate minimum term of thirty-five years' imprisonment. Appellant has been incarcerated for his crime since the time of his arrest when he was seventeen years old. Upon resentencing, the trial court gave Appellant credit for all time served from the date of his arrest. Thus, Appellant will be eligible for parole when he is fifty-two years old. Accordingly, Appellant's claim that his sentence offers him no meaningful opportunity for parole is without merit.

*Blount*, 207 A.3d at 938-39.

    *Olds*, *supra*, held:

In sum, we reaffirm that trial courts must sentence juveniles convicted of second-degree murder prior to June 25, 2012 to a maximum term of life imprisonment under section 1102(b). We hold that such mandatory maximums do not violate the Eighth Amendment's ban on cruel and unusual punishment. As such, we affirm Appellant's judgment of sentence.

*Olds*, 192 A.3d at 1198.

*Olds* also provided additional reasoning that we believe is particularly

relevant herein.

> *Graham* [*v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010)] makes clear that "[a] State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants ... some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 U.S. at 75, 130 S.Ct. 2011. In other words, consistent with the Eighth Amendment, a state can set a mandatory maximum term of life imprisonment, even for nonhomicide offenses, so long as it grants defendants the opportunity for parole based upon demonstrated maturity and rehabilitation. That is exactly what occurred in this case. Specifically, the trial court made Appellant eligible for parole after 20 years' imprisonment and credited him with over 37 years for time served. Thereafter, Appellant was granted parole based upon his demonstrated maturity and rehabilitation.
>
> In reaching its conclusion that juveniles convicted of nonhomicide offenses can be sentenced to life imprisonment, but not LWOP,[2] the Supreme Court of the United States explained that LWOP differs substantially from a life sentence during which a defendant becomes eligible for parole. *See id.* at 70, 130 S.Ct. 2011, *citing* *Solom v. Helm*, 463 U.S. 277, 297, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). It concluded that these significant differences meant that different rules should apply for imposing LWOP sentences. Despite its adoption of such principles, the Supreme Court of the United States has never placed mandatory life maximums beyond the authority of a sentencing court to impose, even in nonhomicide cases.

---

[2] Life Without Parole.

> Nothing in Pennsylvania case law indicates that our Supreme Court (or this Court) is prepared to expand Justice Breyer's concurrence and prohibit mandatory life maximums for juveniles who commit second-degree murder but did not kill or intend to kill. The sole reference by our Supreme Court to Justice Breyer's concurrence in Miller was not an attempt to extend his reasoning to life maximums.

*Id.* at 1196-97.

The additional reasoning found in **Olds** is particularly relevant to Jackson's argument that mandatory maximum life sentence (which equates to a mandatory lifetime parole tail), unconstitutionally impinges upon the individuality of a juvenile's sentence. As **Olds** states, there is no constitutional requirement guaranteeing a juvenile's eventual freedom, only that the juvenile be given a meaningful opportunity to obtain that release. Therefore, we believe Jackson's argument is based upon an overbroad interpretation of the United States Supreme Court rulings in **Miller** and **Montgomery**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/19