# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Clark, : 
               Petitioner : 
                      : 
        v. : No. 854 C.D. 2019
                      : Submitted: January 10, 2020
Pennsylvania Board of : 
Probation and Parole, : 
              Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: October 1, 2020**

Petitioner Daniel Clark (Clark) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole[1] (Board), dated June 17, 2019. The Board denied Clark's request for administrative relief, thereby rejecting his claim that the Board failed to credit his sentence properly. For the reasons set forth below, we affirm.

On April 22, 2016, Clark pleaded guilty to simple assault and unlawful possession of a firearm, and the Court of Common Pleas of Somerset County

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

sentenced him to a term of incarceration of 18 months to 4 years, including a shorter concurrent sentence for the simple assault charge. (Certified Record (C.R.) at 1.) On August 17, 2016, Clark pleaded guilty to possession with the intent to manufacture a controlled substance, and the Court of Common Pleas of Jefferson County sentenced him to a term of incarceration of 9 months to 2 years, to be served concurrently with his Somerset County sentences. (*Id.*) As a result of these sentences, Clark had a minimum sentence date of August 25, 2017, and a maximum sentence date of February 25, 2020. (*Id.*) On August 21, 2017, Clark was released on parole to a community corrections facility. (*Id.* at 4.)

On August 25, 2017, police arrested Clark at the community corrections facility for possession of controlled substances. (*Id.* at 28.) That same day, the Board issued a warrant to commit and detain Clark, and the Court of Common Pleas of Westmoreland County (Westmoreland CCP) set Clark's monetary bail at $5,000. (*Id.* at 16, 26.) Clark posted bail on September 7, 2017, but Westmoreland CCP revoked his bail on January 22, 2018. (*Id.* at 33, 46, 64.) By decision recorded April 20, 2018, the Board detained Clark pending disposition of his new criminal charges. (*Id.* at 43.)

On June 5, 2018, Clark pleaded guilty to one felony and one misdemeanor count related to possession of a controlled substance, and Westmoreland CCP sentenced him to a term of incarceration of 11½ months to 23 months. (*Id.* at 47.) On June 21, 2018, the Board issued a notice of charges and scheduled a parole revocation hearing for June 29, 2018, based on Clark's status as a convicted parole violator (CPV). (*Id.* at 32.) On that same date, Clark signed a Waiver of Revocation Hearing and Counsel/Admission Form, thereby waiving his right to a revocation hearing, the right to a panel hearing, and the right to have counsel present at that

2

hearing. (*Id.* at 36.) By signing this form, Clark also admitted that he pleaded guilty to some of his new criminal charges. (*Id.*)

By decision recorded July 19, 2018 (mailed August 9, 2018), the Board recommitted Clark as a CPV to serve 24 months' backtime following completion of his parole from his Westmoreland County sentence and his return to a state correctional institution (SCI). (*Id.* at 54.) The Board did not recalculate Clark's parole violation maximum sentence date at that time. (*Id.*) Westmoreland CCP granted Clark parole from his Westmoreland County sentence on March 14, 2019, and he was released from confinement on March 22, 2019. (*Id.* at 56.) By decision recorded May 6, 2019, the Board recalculated Clark's parole violation maximum sentence date as May 11, 2021, and calculated Clark's parole eligibility date as November 7, 2020. (*Id.* at 59.) The Board also denied Clark credit for all time spent at liberty on parole because his "new conviction [was the] same/similar to the original offense." (*Id.*)

Clark challenged the Board's decision by filing a request for administrative relief, which the Board received on May 21, 2019. (*Id.* at 61.) Clark essentially argued that the Board erred in recalculating his maximum sentence date because it failed to credit his sentence properly. By decision mailed June 17, 2019, the Board denied Clark's request for administrative relief. (*Id.* at 64-66.) In so doing, the Board reasoned:

> The Board paroled you from a[n SCI] on August 21, 2017[,] with a max date of February 25, 2020. This left you with a total of 918 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a [CPV] authorized the recalculation of your sentence to reflect that you receive[d] no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you

3

still had a total of 910 [sic[2]] days remaining on your sentence based on your recommitment.

On August 25, 2017[,] the Board lodged its detainer against you and you were arrested for new criminal charges in the Court of Common Pleas of Westmoreland County at docket number CP 3978-2017. You posted bail on September 7, 2017[,] and it was revoked on January 22, 2018. You were sentenced on June 5, 2018, to a county term and granted parole effective March 22, 2019.

Based on these facts, backtime credit was awarded from September 7, 2017[,] to January 22, 2018 (137 days). Subtracting this time means you now had a total of 781 days remaining on your original sentence.

.... In this case, March 22, 2019[,] is your effective date because that is when you were available to the [B]oard from your Westmoreland County conviction. Adding 781 days to that date yields a new maximum date of May 11, 2021.

(*Id.*)

On appeal to this Court,[3] Clark argues that the Board erred or abused its discretion by failing to give him credit for time he spent in custody on the detainer lodged by the Board prior to being sentenced for his new criminal charges.[4] For the reasons set forth below, we cannot conclude that the Board improperly denied Clark credit.

---

[2] This statement appears to be a typographical error. The Board's earlier statement—that Clark had *918* days remaining on his sentence at the time of his parole—correctly states the difference between Clark's initial maximum sentence date (February 25, 2020) and his parole date (August 21, 2017). Moreover, the remaining 918 days—not 910 days—is the basis for the Board's later calculation that, after crediting Clark the 137 days during which he was detained solely on its warrant, Clark had 781 days—not 773 days—remaining on his sentence.

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

[4] Clark also suggests that the Board erred because it attributed some period of Clark's confinement to a sentence received in a jurisdiction outside Pennsylvania. The Board did not, however, discuss any sentence from another jurisdiction, and the record contains no suggestion that Clark has received such a sentence. Thus, we will not address this argument further.

When the Board has lodged a detainer and the parolee has not posted bail on his new criminal charges, such that the parolee is being confined on both the Board's detainer and as a result of the pending criminal charges, pre-sentence confinement credit must be applied to reduce the new sentence of incarceration unless the credit would exceed that new sentence of incarceration. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 307-09 (Pa. 2003). By contrast, when a parolee has posted bail on the new criminal charges, such that he is detained solely on the Board's warrant, the Board must apply the pre-sentence confinement credit to reduce the unserved balance of the sentence from which the parolee was paroled. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).

Here, Clark had 918 days left on his sentence when he was released on parole. (C.R. at 64.) Clark was arrested on the new charges on August 25, 2017, the same day the Board issued its warrant, and he failed to post bail until September 7, 2017. (*Id.* at 16, 28, 33.) Clark remained incarcerated, therefore, on both the Board's warrant *and* the new criminal charges from his arrest until September 7, 2017. Under *Martin*, that time must be applied to his new sentence. In compliance with *Gaito*, the Board credited Clark with the 137 days for which he was detained solely on its warrant from September 7, 2017, until Westmoreland CCP revoked his bail on January 22, 2018, effectively detaining him again on the new criminal charges. (*Id.* at 64.) After applying the 137-day credit to Clark's remaining original sentence, his unserved balance is 781 days. (*Id.*) Adding 781 days to March 22, 2019—the date Clark was paroled from his Westmoreland County sentence and became available to serve the remaining balance of his original sentence[5]—results in a new

---

[5] Section 6138(a)(4) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(4), provides: "The period of time for which the parole violator is required to serve shall be computed from and

maximum sentence date of May 11, 2021.  The Board, therefore, did not err in its recalculation of Clark's new maximum sentence date, and it did not deny Clark any credit to which he is entitled.

Accordingly, we affirm the final determination of the Board.

P. KEVIN BROBSON, Judge

---

begin on the date that the parole violator is *taken into custody* to be returned to the institution as a parole violator." (Emphasis added.)  Clark does not challenge the start date the Board used in recalculating his maximum sentence date.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Clark, : 
             Petitioner : 
         : 
        v. :   No. 854 C.D. 2019
         : 
Pennsylvania Board of : 
Probation and Parole, : 
             Respondent : 

## O R D E R

AND NOW, this 1st day of October, 2020, the final determination of the Pennsylvania Board of Probation and Parole, dated June 17, 2019, is AFFIRMED.

 

                                                     _____

                                                P. KEVIN BROBSON, Judge