J-S27042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                                         :            PENNSYLVANIA
                                                           :

                 v.                                                  :
                                                           :
                                                           :

ROBERT MINOR                                    :
                                                           :

               Appellant                    :     No. 600 WDA 2021

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No: CP-02-CR-0013630-2016

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED: MARCH 22, 2022**

Appellant, Robert Minor, appeals from the order of the Court of Common Pleas of Allegheny County, entered May 11, 2021, that dismissed his first petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. We affirm.

The facts underlying Appellant's conviction are summarized in this Court's memorandum at Appellant's direct appeal. ***See Commonwealth v. Minor***, No. 385 WDA 2018 (Pa. Super. June 19, 2019) (unpublished memorandum). The facts underlying this appeal are not in dispute. Briefly,

> Appellant's conviction arose out of an incident in which he and others fired over a dozen shots at the vehicle of the victim, Sonya Thomas, while she was trying to park. The incident occurred about 10:30 PM on July 30, 2016.[] Thomas was acquainted with

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Appellant and all but one of his co-conspirators, so she could identify them.

The jury convicted Appellant of conspiracy to commit aggravated assault (18 Pa.C.S.A. § 903), criminal mischief (18 Pa.C.S.A. § 3304(a)(5)), simple assault (18 Pa.C.S.A. § 2701(a)(1)), and recklessly endangering another person (18 Pa.C.S.A. § 2705.[] The trial court imposed an aggregate sentence of not less than two and one-half years of incarceration nor more than five years of incarceration, followed by four years of probation.

*Id*. (citations to the record omitted).

Relevant to this appeal, Appellant was on probation at No. CP-02-CR-10073-2012 when he committed and was arrested for the crime underlying this appeal at No. CP-02-CR-0013630-2016. *See* Docket No. CP-02-CR-10073-2012; Rule 907 Notice, at 2. A detainer was issued for Appellant at No. CP-02-CR-10073-2012 based on his arrest for the crime at No. CP-02-CR-0013630-2016. Rule 907 Notice, at 2. Appellant remained in custody from October 13, 2016 until January 23, 2018, the day of his sentencing hearing. *Id*. At Appellant's sentencing hearing on January 23, 2018, the trial court sentenced Appellant at this case, No. CP-02-CR-0013630-2016, and at No. CP-02-CR-10073-2012. *See* N.T. Sentencing, 1/23/18, generally. The trial court applied the credit for time served from October 13, 2016 to January 23, 2018 to Appellant's case at No. CP-02-CR-10073-2012 and closed interest in that case. *Id*., at 24.

Appellant filed a direct appeal from his judgment of sentence in this case and this Court affirmed his judgment of sentence. *See Minor*, No. 385 WDA 2018. Appellant did not file an application for appeal to the Supreme Court of Pennsylvania. On June 1, 2020, Appellant filed a *pro se* request and asked that the credit for the time he served in custody be applied to this case at No. CP-02-CR-0013630-2016. PCRA petition, 6/1/20. The trial court considered

the request a first, timely PCRA petition and appointed counsel to represent Appellant. Order, 9/30/20. The PCRA court ordered PCRA counsel to file an amended petition within 90 of days of the date of the order. *Id*. On December 30, 2020, PCRA counsel filed an amended PCRA petition and argued that the trial court erred in failing to give Appellant credit for the time he served in custody awaiting trial for this case. Amended PCRA petition, 12/30/20.

On May 11, 2021, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. Rule 907 Notice, 5/11/21. The PCRA court stated that it did award Appellant time credit for the time Appellant spent in custody, the time credit was awarded at Appellant's case at No. CP-02-CR-10073-2012. *Id*. Appellant filed a timely response and argued that the trial court has discretion to "award that time toward the underlying sentence in this case, as well." Objections to Rule 907 Notice, 5/7/21. On May 11, 2021, the PCRA court dismissed Appellant's petition. On May 12, 2021 Appellant filed this timely appeal.[2]

Appellant presents the following issue for our review:

> The PCRA Court erred in denying relief, because [Appellant] did not receive proper credit for time served, resulting in an illegal sentence.

Appellant's Brief, at 4.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of

---

[2] Appellant filed a timely statement of errors complained of on appeal on May 26, 2021. The PCRA court entered its opinion pursuant to Rule 1925(a) on May 26, 2021 and directed this Court to its Rule 907 Notice, as it sets forth the PCRA court's reasons for issuing the order appealed from.

the PCRA court and whether the ruling is free of legal error." ***Commonwealth***

***v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

> Our scope of review is limited to the PCRA court's factual findings and the evidence of record. We grant great deference to the PCRA court and will not disturb findings supported by the certified record.

***Commonwealth v. Fowler***, 930 A.2d 586, 590–91 (Pa. Super. 2007) (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Furgess***, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).[3] Any petition

_____

[3] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

Appellant did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. Appellant's judgment of sentence became final on July 19, 2019, thirty days after this Court affirmed the judgment of sentence on June 19, 2019. *See* Pa.R.A.P. 1113. Appellant had one year thereafter to file a PCRA petition – i.e., until July 19, 2020. 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on June 1, 2020. The petition is timely.

Appellant argues that he was entitled to receive credit toward his sentence at this case for the approximate 15 months he served pending his jury trial and sentencing in this case. Appellant's Brief, at 9. Appellant argues that because the sentencing court did not award any time credit for time served on this case, his sentence is illegal. *Id*., at 10. Appellant argues that he remained in jail from October 13, 2016 until January 23, 2018 pending the jury trial and sentencing in this case and he is entitled to receive credit for all of that time he spent incarcerated prior to trial. *Id*., at 12. Appellant argues that his arrest in this case triggered his jail stay and the trial court was incorrect to credit the time he spent incarcerated to satisfy a detainer on an unrelated case and to close interest in that case. *Id*. Appellant argues that the time should have been credited toward the ultimate sentence in this case. *Id*.

We note, "a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA

context, jurisdiction is tied to the filing of a timely PCRA petition." *Fowler*, 930 A.2d at 592 (citation omitted). We have established that the PCRA petition is timely. Importantly, "a challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." *Id*., at 595 (citation omitted). We will, therefore, discuss the merits of Appellant's claim.

In Pennsylvania, our legislature codified pre-trial credit for time served as follows, in relevant part:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760 (1).

This Court's decision in *Commonwealth v. Smith*, 853 A.2d 1020 (Pa. Super. 2004) is instructive. In *Smith*, the appellant was arrested for violation of the uniform firearm act and drug possession stemming from an incident occurring on March 30, 2001. *Id*., at 1022. The appellant posted bail in that case, however, a warrant was issued for appellant because appellant's alleged criminal activity on March 30, 2001 violated his current probation sentence. *Id*., at 1023. The appellant was held in jail under the probation detainer through his March 2002 trial on the charges arising out of the March 30, 2001

arrest. *Id*. The appellant was found guilty of all counts relating to the March 30, 2001 incident and the trial court sentenced him to a period of incarceration. *Id*., at 1022. The judge closed interest in the detainer matter without further penalty to appellant. *Id*., at 1023. The appellant was not given credit for the time he served in custody pursuant to the detainer on his new incarceration sentence. This Court considered whether "the trial court erred by not crediting [the appellant's] sentence with the time that he was incarcerated under a probation detainer lodged as a result of his criminal activity." *Id*., at 1022.

This Court discussed the Pennsylvania Supreme Court's decision in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2005), which stated,

> where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.

*Smith*, 853 A.2d at 1025. Although *Martin* did not involve a probation sentence, this Court found instructive that it addressed "equitable crediting of pre-trial incarceration when that incarceration is attributable to more than one set of offenses." *Smith*, 853 A.2d at 1026. This Court then concluded, "because [the appellant's] pretrial incarceration is attributable to both his probation detainer and the new criminal charges, it must be attributed to either his sentence under the new criminal charges or to a sentence imposed for violation of probation." *Id*., at 1026.

The PCRA court determined that Appellant's claim lacks merit. The PCRA

court reasoned,

> [t]he Defendant contends that he should be awarded credit for the period he spent incarcerated between October 13, 2016 and January 23, 2018. . . . While the Defendant accurately states that the claimed period of credit was not applied to his 2016 case, the reason why the Defendant did not receive credit for the period between 10/13/16 and 1/23/18 at his 2016 case was because this court applied that credit toward his probation detainer at CC No. 2012-10073 and closed interest in that case. Contrary to the Defendant's assertion, the Defendant's 2012 case was very much related to his 2016 case, because the 2016 case violated the Defendant's 2012 probation case.
>
> As argued by the Commonwealth, the **Smith** case is instructive because it makes clear that, in situations where a defendant's "pretrial incarceration is attributable to both his probation detainer and the new criminal charges" any time credit must be applied "to **either** the sentence under the new criminal charges or to a sentence imposed for violation of probation." **Commonwealth v. Smith**, 853 A.2d 1020, 1026 (Pa. Super. 2004) (emphasis added); *see also Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003) ("[W]e hold that, where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.")[.]
>
> Against this backdrop, the Defendant's time-credit claim clearly lacks merit because the credit for the time that the Defendant served between 10/13/16 and 1/23/18 was fully accounted for when it was applied to his probation violation sentence at CC No. 2012-10073, which was imposed on the same day of his sentencing for his 2016 case[.]
>
> According, the Defendant received full credit for his pretrial incarceration and he does not cite to any legal authority in support of his claimed entitlement to double credit.

Rule 907 Notice, 5/11/21, at 2-3 (citations to the record omitted).

At the Appellant's sentencing hearing on January 23, 2018, the trial court stated,

> [w]hat we are going to do is we are going to deal with the detainer at CC 201210073. What we are going to do on that detainer is you have credit for time served at that case from 10-13 of '16 through today. I will take all of that credit, and I will close interest in that case, meaning that that case is now totally finished. You are done with it. Okay. It also means that there is no credit left available. You should be aware I don't give double credit.

N.T. Sentencing, 1/23/18, at 24.

There is no dispute that the trial court must give Appellant credit for the time served from October 13, 2016 to January 23, 2018. *See* 42 Pa.C.S. § 9760 (1). Appellant admitted that he was given credit for the time he spent in custody. *See* Appellant's Brief, at 9 (stating that the trial court "took all time served from October 13, 2016 up to sentencing on this case on January 23, 2018, and closed interest on an unrelated case at CP-02-CR-10073-2012); Objection to Rule 907 Notice, 5/7/21 (Appellant argued that "[a]lthough [the trial court] awarded time credit at CP-02-CR-10073-2012 before closing interest on that case, the Court has the discretion to award that time toward the underlying sentence in this case, as well.").

Appellant's sole contention, that the trial court erred because it did not give him credit for the time served from October 13, 2016 to January 23, 2018 at No. CP-02-CR-0013630-2016, is without merit. Appellant was in custody from October 13, 2016 to January 23, 2018 because of a detainer lodged at CP-02-CR-10073-2012 for violation of probation based on the criminal activity that occurred in No. CP-02-CR-0013630-2016. Because the incarceration is

attributable to both the 2012 case and 2016 case, the trial court must give Appellant credit for the time he spent in custody **on either case**. *Smith*, 853 A.2d at 1026. Appellant was given credit for the time served from October 13, 2016 to January 23, 2018 at No. CP-02-CR-10073-2012, therefore, Appellant's issue on appeal is without merit. *See* N.T. Sentencing, 1/23/18, at 24; *Smith*, 853 A.2d at 1026. Having discerned no error of law, we affirm the order below. *See Andrews*, 158 A.3d at 1263.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/22/2022