IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wesley Silvain, Jr.,           :
                    Petitioner      :
                                    :
        v.                          :
                                    :
Pennsylvania Parole Board,          :   No. 788 C.D. 2022
                    Respondent      :   Submitted: September 22, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: January 12, 2024


        John Wesley Silvain, Jr. (Silvain), through counsel, petitions for review
of the June 24, 2022 decision of the Pennsylvania Parole Board (Board) denying his
administrative challenge to the computation of his parole violation maximum date.
Upon review, we affirm.


                              **I. Background**

        In December 2015, Silvain received an aggregate sentence of 1 year,
10 months to 5 years of incarceration following convictions of simple assault, flight
to avoid apprehension, and violation of probation on the basis of a drug-related
offense. Certified Record (C.R.) at 1-2 & 7. Silvain's maximum sentence date was
then August 13, 2020. *Id.* at 2. The Board paroled Silvain in September 2017, at

which time 1059 days remained on his original sentence. *Id.* at 7, 9 & 134. On July 11, 2018, Silvain absconded from supervision and was declared delinquent. *Id.* at 11 & 134.

On July 23, 2018, Silvain was arrested in Franklin County on new criminal charges. *Id.* at 134. The same day, Silvain was denied bail and the Board issued a warrant to commit and detain him for violation of parole. *Id.* at 12 & 134. In October 2018, the Board detained Silvain on the basis of the new criminal charges and recommitted him for technical parole violations related to delinquency. *Id.* at 134. The Board computed a parole violation maximum date of August 25, 2020, accounting for Silvain's 12-day delinquency period. *Id.* The Board lifted its detainer on August 13, 2020, at which point Silvain remained incarcerated solely on the new criminal charges until posting nominal bail on March 19, 2021. *Id.* at 85 & 134-35. On December 22, 2021, the Court of Common Pleas of the 39th Judicial District of Pennsylvania, Franklin County Branch (trial court) sentenced Silvain to 11.5 to 23 months' incarceration after his conviction on the new charges, to be served in Franklin County Prison. *Id.* at 135.

On January 18, 2022, the Pennsylvania Department of Corrections (Department) issued a warrant to commit and detain Silvain for violation of parole.[1] C.R. at 19 & 135. In March 2022, the Board ordered Silvain's recommitment and issued a parole violation maximum date of October 22, 2024, which it calculated by adding Silvain's remaining "backtime" to his January 18, 2022 "custody for return" date, less 51 days' "backtime" credit for the period from June 23, 2020 to August 13, 2020. *Id.* at 130.

---

[1] *See infra* note 3.

The following month, upon motion filed on behalf of Silvain and with the agreement of the Commonwealth, the trial court amended counts 4 and 6 of the sentencing orders to accord Silvain credit from July 23, 2018 to September 23, 2019 (14 months) and August 14, 2020 through May 14, 2021 (9 months). *Id.* at 128. Also in April 2022, Silvain petitioned the Board for administrative review of his parole violation maximum date. *Id.* at 126-27.

By decision mailed June 24, 2022, the Board denied Silvain's administrative challenge to his parole violation maximum date. *See* C.R. at 134-36. The Board noted that Silvain was not detained solely pursuant to the Board's warrant from July 23, 2018 to March 19, 2021, when he posted bail, and was, therefore, not entitled to "backtime" credit on that basis. *Id.* at 135 (citing *Gaito v. Pa. Bd of Prob. and Parole*, 412 A.2d 568 (Pa. 1980)). However, the Board concluded that

> because Silvain served in excess of the 23-month maximum period of incarceration, [it] did apply credit for 51 days from June 23, 2020 (7/23/2018 + 23 months) to August 13, 2020 (the day the Board's detainer was lifted). *Martin v. Pa.* [*Bd.*] *of Prob*[.] *and Parole*, 840 A.2d 299 (Pa. 2003). Thus, Silvain was left with 1059 - 51 = 1008 days to serve on his original sentence based on the recommitment. Considering that Silvain was sentenced to county incarceration, the Prisons and Parole Code [(the Code)[2]] provides that he must serve the new sentence first. 61 Pa.C.S. § 6138(a)(5). Because Silvain already completed the new term prior to sentencing on December 22, 2021, he therefore became available to commence service of his original sentence when the Department [] lodged a detainer for revocation [on] January 18, 2022. Adding 1008 days to January 18, 2022 yields a recalculated maximum date of October 22, 2024. Thus,

---

[2] 61 Pa.C.S. §§ 101-7301.

the Board properly recalculated [Silvain's] maximum date.

*Id.* at 135.[3]

Silvain petitioned this Court for review.

## II. Issues

Before this Court,[4] Silvain argues that the Board erred in failing to accord him "backtime" credit for the period spanning September 24, 2019 to August 13, 2020, as he claims he was incarcerated "solely as a result of the state parole detainer." Silvain's Br. at 11.[5] Silvain contends that this "failure" of the Board "is fundamentally unfair and constitutes a violation of his due process rights." *Id.* at 11-

---

[3] The Board noted:

> In October 2021, the seal on the [w]arrants to [c]ommit and [d]etain that are lodged against parole violators were changed from "Pennsylvania Parole Board" detainers to "Department of Corrections" detainers. For recalculation purposes, these detainers are treated the same pursuant to *Gaito*[ *v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980),] and *Martin*[ *v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003)].

C.R. at 135.

[4] Our scope of review of a decision of the Board denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[5] Confusingly, Silvain also asserts that the Board erred in failing to allocate credit for the period of time spanning September 24, 2019 to August 13, 2020 "to the case [he] pled to in criminal action number 2131 of 2018." Silvain's Br. at 11; *see also* C.R. at 123 (identifying an indictment number of C.P. 2131-2018 in connection with the December 22, 2021 sentencing in Franklin County).

4

12. Accordingly, Silvain requests that this Court order the Board to grant him "backtime" credit for this period of time and "issue [him] a new parole violation maximum date and re-parole date."[6] *Id.* at 12.

### III. Discussion

As an initial matter, we observe that in addition to lacking specifics or meaningful explanation, Silvain's brief also fails to provide any citation to supporting legal authority. Thus, we are unable to discern the basis of Silvain's argument; accordingly, it is waived. *See* Pa.R.A.P. 2119(a) (stating that the argument section of the brief shall be divided into as many parts as there are questions to be argued, followed by such discussion and citation of authorities as are deemed pertinent); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").[7]

---

[6] We note that Silvain's request for the Board to issue his future "re-parole" date is premature. *See Martin*, 840 A.2d at 302 (explaining that "[w]hen the minimum prison term expires, an inmate becomes eligible for parole and makes application to the Board, requesting a grant of parole"). Even though granting Silvain's request would alter the date on which he becomes eligible for re-parole, Silvain has not yet submitted an application for re-parole, nor has the Board rendered a decision regarding any possible future application. *See id.*

[7] We further note that Silvain's appellate brief does not contain a statement of the questions involved; thus, any challenge to the Board's decision is subject to waiver for this additional reason. *See* Pa.R.A.P. 2116(a) (stating, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *Township of Concord v. Concord Ranch, Inc.*, 664 A.2d 640, 651 (Pa. Cmwlth.1995) (holding that "[t]he failure of a party to act in conformity with [Appellate Rule] 2116(a) constitutes a waiver of the issue"); *see also Thomas v. Elash*, 781 A.2d 170, 176-77 (Pa. Super. 2001) (explaining that Appellate Rule 2116(a) "is to be considered in the highest degree mandatory, admitting of no exception," and that "no point will be considered which is not set forth in the statement of questions involved or suggested thereby").

Nonetheless, in the interest of completeness, we observe that, on the basis of the record, we discern no error in the Board's calculation. "[W]hen a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his new criminal charges." *Williams v. Pa. Bd. of Prob. & Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013) (citing *Gaito*, 412 A.2d at 571). However, "[i]f a parolee is being held solely on the Board's detainer, the parolee is entitled to credit on an original sentence for time served while incarcerated awaiting resolution of new criminal charges." *Williams*, 68 A.3d at 390 (citing *Gaito*, 412 A.2d at 571). "Backtime" credit is also available when "a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration." *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768-69 (Pa. 2017) (citing *Martin*). Thus, as this Court has explained,

> where a parole violator is confined on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration *exceeds* the maximum term of the new sentence, the credit must be applied to the offender's original sentence.

*Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

Here, Silvain asserts that the Board erred in failing to grant him "backtime" credit for the period of September 24, 2019 to August 13, 2020, as, according to Silvain, he was detained solely pursuant to a "state parole detainer" during this time. Silvain's Br. at 11. However, Silvain is incorrect. He was confined pursuant to both the Board's detainer and the Franklin County criminal charges from

6

his July 23, 2018 arrest until the Board lifted its detainer on August 13, 2020. C.R. at 134-35;[8] *see also Martin*, 840 A.2d at 303 (explaining that "when an offender is held on new criminal charges as well as a detainer lodged by the Board, . . . the offender is confined for both offenses"). Thus, Silvain's contention lacks merit.

In December 2021, Silvain was sentenced to a maximum term of 23 months' incarceration. *Id.* at 135. Thus, the portion of Silvain's pretrial detention during which he was confined on both the Board's detainer and the subsequent criminal charges exceeded his maximum term by 51 days. Accordingly, the Board did not err in crediting 51 days of "backtime" against Silvain's original sentence to yield a recalculated parole violation maximum date of October 22, 2024. *See id.* at 130 & 135; *see also Smith*, 171 A.3d at 768-69; *Armbruster*, 919 A.2d at 355.

## IV. Conclusion

For the foregoing reasons, we affirm the June 24, 2022 decision of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] Silvain did not post bail until March 19, 2021. C.R. at 134-35.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Wesley Silvain, Jr.,      :
        Petitioner      :
                               :
      v.                   :
                               :
Pennsylvania Parole Board,      :    No. 788 C.D. 2022
        Respondent      :

## O R D E R

AND NOW, this 12th day of January, 2024, the June 24, 2022 decision of the Pennsylvania Parole Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge