J-A02029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW MICHAEL PHILLIPS JR. | : | |
| | : | |
| Appellant | : | No. 240 MDA 2023 |

Appeal from the PCRA Order Entered January 19, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001186-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW MICHAEL PHILLIPS JR. | : | |
| | : | |
| Appellant | : | No. 242 MDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001484-2015

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED: AUGUST 7, 2024**

Appellant, Andrew Michael Phillips Jr., appeals from the orders entered in the Lackawanna County Court of Common Pleas, which dismissed his petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On

September 30, 2015, Appellant pled guilty to driving under the influence of alcohol or a controlled substance ("DUI") and resisting arrest ("2015 case"). On February 2, 2016, the trial court sentenced him to three to six months of incarceration for DUI to be followed by two years of probation for resisting arrest. Following a subsequent probation violation, the court resentenced Appellant on September 22, 2016, to three to six months of imprisonment followed by two years of probation.

On May 18, 2018, while serving probation for the 2015 case, Appellant was arrested and charged with aggravated assault, simple assault and harassment ("2018 case"). On May 19, 2018, Appellant's mother posted bail in the 2018 case; however, Appellant was not released because of a probation detainer that had been imposed in the 2015 case. On November 30, 2018, Appellant pled guilty in the 2018 case to aggravated assault.

On January 17, 2019, Appellant filed a motion to lift detainer and revoke bail, which the trial court granted that same day. On September 10, 2019, the court sentenced Appellant on the 2018 case to 27 to 72 months of incarceration. Regarding the 2015 case, Appellant stipulated to violating his probation based on the new offenses at the 2018 case, and the court resentenced Appellant to two years of probation for the 2015 case, consecutive to the sentence imposed in the 2018 case. The court did not award any credit for time served.

For clarity, we discuss the subsequent procedural history related to the

2015 case and 2018 case separately:

2018 Case Appeals

Appellant appealed from the judgment of sentence in the 2018 case, and appointed counsel filed an **Anders**[1] brief and petition to withdraw as counsel. On December 1, 2020, this Court affirmed the judgment of sentence and granted counsel's petition, concluding that Appellant waived his challenge to the discretionary aspects of his sentence by failing to file a post-sentence motion preserving his sentencing challenge. **See Commonwealth v. Phillips**, No. 1769 MDA 2019, 2020 WL 7041211, unpublished memorandum at *2 (Pa.Super. filed December 1, 2020).

On December 22, 2021, Appellant filed a timely *pro se* PCRA petition. The court subsequently appointed counsel, who filed an amended petition on April 28, 2022, requesting 481 days of credit for time served. On January 19, 2023, the PCRA court entered an order in the 2018 case granting relief in part and denying relief in part. Specifically, the court determined that Appellant was entitled to credit for time served in the 2018 case for the 236 days from January 17, 2019, to September 10, 2019. Nevertheless, the court found that Appellant was not entitled to credit for time served from May 19, 2018, to January 17, 2019, when Appellant was in custody solely on the probation detainer for the 2015 case. The court explained that Appellant was not

---

[1] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967).

entitled to credit for time served in the 2015 case because he received a sentence of probation rather than incarceration. Appellant timely filed a notice of appeal on February 10, 2023.

2015 Case Appeal

Appellant did not file a direct appeal in the 2015 case. However, on September 11, 2020, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel, who subsequently filed a "no merit" letter on January 4, 2021, explaining that because credit for time served is only awarded when a prison sentence is imposed, no time credit could be applied here, where Appellant was only sentenced to probation. The court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition filed in the 2015 case on January 19, 2023. Appellant filed a premature *pro se* notice of appeal on February 9, 2023. The PCRA court ultimately denied the PCRA petition in the 2015 case on February 17, 2023.[2]

On February 17, 2023, the PCRA court issued orders related to the 2015 case and 2018 case directing Appellant to file concise statements of errors complained of on appeal per Pa.R.A.P. 1925(b). In addition, the court granted counsel's petition to withdraw in the 2018 case, and then appointed the attorney who had represented Appellant in the 2015 case to serve as appellate

_____

[2] "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Therefore, the notice of appeal filed in the 2015 case, although premature, is considered timely filed.

- 4 -

counsel for both the 2015 and 2018 cases. After receiving an extension of time to do so, Appellant filed his concise statements on May 9, 2023. This Court consolidated the appeals on August 25, 2023.

Appellant raises two issues on appeal:

> 1. Whether the PCRA court's order of January 19, 2023 is illegal in that it credits only two hundred and thirty-six (236) of the four hundred and eighty-one days (481) days Appellant spent in pretrial custody as a result of the conduct underlying a criminal charge upon which a prison sentence was imposed.

> 2. Whether the [PCRA] court's failure to fully credit [Appellant's] time served is inequitable, manifestly unreasonable, and contrary to the fund[a]mental norms underlying the sentencing process.

(Appellant's Brief at 5) (unnecessary capitalization omitted).

"Our standard of review of a [PCRA] court's denial of PCRA relief is limited to determining whether the order is supported by the record evidence and is free of legal error. Our scope of review is limited to the PCRA court's factual findings and the evidence of record."[3]  ***Commonwealth v. Fowler***,

_____

[3] We reiterate that the court resentenced Appellant on September 10, 2019, and imposed a term of 27 to 72 months of incarceration on the 2018 case. Regarding the 2015 case, the court resentenced Appellant to two years of probation, consecutive to the sentence imposed in the 2018 case. The court subsequently awarded Appellant 236 days of credit for time served from January 17, 2019, to September 10, 2019. Thus, Appellant is still serving a sentence in the 2018 case, which will expire in January 2025, at which time Appellant will begin serving the probationary sentence in the 2015 case. ***See*** 42 Pa.C.S.A. § 9543(a)(1) (providing that to be eligible for relief under PCRA, petitioner must be serving, or waiting to serve, sentence of imprisonment, probation or parole for crimes at issue).

930 A.2d 586, 590 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (citations omitted).

In his first issue, Appellant argues that the PCRA court imposed an illegal sentence when it failed to award credit for all time that he spent incarcerated prior to sentencing. Specifically, Appellant claims that the court erred in not counting the first 245 days that he spent incarcerated as time served for the 2018 case. Appellant insists that the time he spent in custody during this period was a result of the 2018 assault, as that action resulted in the probation detainer in the 2015 case. Appellant acknowledges that no time credit can be applied to the 2015 case because he only received a probationary sentence in that matter. Appellant also acknowledges that because his mother had posted bail for the 2018 case, he was only detained because of the probation detainer. Nevertheless, Appellant argues that "when the same conduct gives rise to both new charges and a probation violation 'all time spent in custody' must be credited." (Appellant's Brief at 14). Appellant suggests that because the court cannot award time credit to his probationary sentence in the 2015 case, and because all time spent in custody must be credited, the entire 481 days he spent in custody must be applied to his sentence in the 2018 case. Appellant concludes his sentence is illegal on these grounds, and this Court must grant relief. We disagree.

"[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is

cognizable under the PCRA." ***Fowler, supra*** at 595 (citations omitted). The

Sentencing Code discusses credit for time served, and provides as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

This Court has held that "a defendant shall be given credit for any days

spent in custody prior to the imposition of sentence, but only if such

commitment is on the offense for which sentence is imposed. Credit is not

given, however, for a commitment by reason of a separate and distinct

offense." ***Commonwealth v. Richard***, 150 A.3d 504, 520-21 (Pa.Super.

2016) (internal quotation marks omitted) (citing ***Commonwealth v. Clark***,

885 A.2d 1030, 1034 (Pa.Super. 2005)).

In ***Gaito v. Pennsylvania Bd. of Prob. & Parole***, 488 Pa. 397, 412

A.2d 568 (1980), our Supreme Court explained:

[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains

- 7 -

incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[6]

> [6] It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.

*Id.* at 403-04, 412 A.2d at 571.

Our Supreme Court discussed the application of *Gaito* in *Martin v. Pennsylvania Bd. of Prob. & Parole*, 576 Pa. 588, 840 A.2d 299 (2003). In *Martin*, the Court considered whether the appellant, who was arrested and held on both new charges and a parole detainer, was entitled to credit for time spent in confinement to be applied against the parole violation sentence where the time spent in custody had exceeded the sentenced imposed for the new crimes. Specifically, the appellant in *Martin* was arrested and charged with DUI and had a parole detainer lodged against him, for violating parole in connection with an underlying robbery case. The appellant was unable to post-bail and remained incarcerated for more than thirteen months, after which he was sentenced to only 48 hours of imprisonment on the new DUI case. The *Martin* Court held that where an individual is held on **both** a probation detainer and pending criminal charges, the time spent in confinement must be credited to either the new sentence or the original sentence. *Martin, supra* at 605, 840 A.2d at 309.

Instantly, during the 245 days in question, Appellant was not detained

in relation to the new charges at the 2018 case. Significantly, Appellant's mother had posted bail in that matter. Thus, during the relevant time period, Appellant was incarcerated **solely** on the probation violation for the 2015 case. Consequently, the facts of this case are distinguishable from those in *Martin* and *Martin* is not dispositive of this issue. ***Compare id.*** Unlike in *Martin*, Appellant was held in custody solely on the probation detainer during the challenged 245 days, so credit for that time spent in custody may only be applied to the sentence imposed on that violation. ***See Gaito, supra***. As Appellant acknowledges, however, the court could not apply credit for time served to the 2015 case because the court imposed only a probationary sentence in that case. ***See*** 42 Pa.C.S.A. § 9760(1) (stating that credit for time served shall be given to defendant for all time spent in custody as result of criminal charge **for which prison sentence is imposed** or as result of conduct on which such charge is based). Therefore, the court did not impose an illegal sentence and Appellant is not entitled to relief on his first issue. ***See Fowler, supra***.

In his second issue, Appellant presents his argument regarding the court's failure to apply the 245 days of time credit to his sentence in the 2018 case as an abuse of the court's sentencing discretion (as opposed to his challenge to the legality of his sentence raised in his first issue). Appellant suggests that the court's failure to credit the full time served on the probation detainer to the 2018 case was manifestly unreasonable and contrary to the

fundamental norms underlying the sentencing process. We disagree that Appellant is entitled to relief on this issue.

As discussed in his first issue, Appellant's claim that the court failed to apply credit for time served implicates the legality, not the discretionary aspects, of his sentence. *See Fowler, supra* at 595 (stating: "A challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence"). We reject Appellant's attempt to convert his legality challenge into a discretionary sentence challenge as an alternate basis for relief.[4] Therefore, Appellant's second issue merits no relief. Accordingly, we affirm.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/07/2024

---

[4] In any event, a claim challenging the discretionary aspects of sentencing is not cognizable under the PCRA. *See Commonwealth v. Wrecks*, 934 A.2d 1287 (Pa.Super. 2007) (explaining that requests for relief with respect to discretionary aspects of sentence are not cognizable in PCRA proceedings).